# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HIGH POINT SARL, )
)
        Plaintiff, )
)
v. )
) No. 09-2269-CM-DJW
)
SPRINT NEXTEL CORP., et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff High Point Sarl ("plaintiff"), a Luxembourg company, filed this patent infringement action against defendants Sprint Nextel Corporation; Sprint Spectrum L.P.; SprintCom, Inc.; Sprint Communications Company L.P.; Sprint Solutions, Inc.; APC PCS, LLP; APC Realty and Equipment Company, LLC; and STC Two LLC (collectively "defendants").[1] Plaintiff alleges that defendants are infringing on four patents that it holds. Plaintiff seeks a declaratory judgment of infringement; a permanent injunction against defendants; a declaration that this is an exceptional case under 35 U.S.C. § 285 and an award of attorney's fees; actual damages not less than a reasonable royalty under 35 U.S.C. § 284; treble damages under 35 U.S.C. § 284; and interest and costs under 35 U.S.C. § 284. (Doc. 1.) Defendants counterclaim for a declaratory judgment of invalidity and/or non-infringement as to each of the four patents. (Doc. 225.) The case is before the court on Sprint's Cross Motion to Limit Asserted Number of Patent Claims (Doc. 197). For the following reasons, the court denies the motion without prejudice, and makes additional orders as set out below.

---

[1] As used in this order, the term "plaintiff" includes plaintiffs as well as counterclaim defendants. The term "defendant" includes defendants as well as counterclaimants.

## I. Factual and Procedural Background

According to plaintiff's complaint, the United States Patent and Trademark Office issued United States Patent No. 5,195,090 (the "'090 patent") entitled, "Wireless Access Telephone-to-Telephone Network Interface Architecture" on March 16, 1993. This patent contains 57 claims. (Doc. 1-3, at 1.)

Patent No. 5,305,308 (the "'308 patent") entitled, "Wireless Access Telephone-to-Telephone Network Interface Architecture" was issued on April 19, 1994. This patent contains 33 claims. (Doc. 1-6, at 1.)

Patent No. 5,184,347 (the "'347 patent"), entitled "Adaptive Synchronization Arrangement," was issued on February 2, 1993. This patent contains 46 claims. (Doc. 2, at 1.)

Patent No. 5,195,091 (the "'091 patent") entitled, "Adaptive Synchronization Arrangement" was issued on March 16, 1993. This patent contains 42 claims. (Doc. 2-3, at 1.)

Plaintiff, as the assignee of these four patents, alleges that defendants have been and are now willfully "infringing, inducing infringement, and/or contributing to the infringement" of each of these patents by "making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention." (Doc. 1, at 8–10.)

Plaintiff's original complaint asserted all 178 patent claims in these four patents. Initial discovery has been exchanged pursuant to Fed. R. Civ. P. Rule 26. Plaintiff has trimmed its assertions to 125 claims, as set out in an 800-page analysis of its infringement contentions, provided to defendant in August of 2009. (Doc. 197, at 201; Doc. 201, at 2.) However, discovery in this case

is ongoing, and is not set to close until August 10, 2010.[2] Although a scheduling order has recently been issued, several key dates have yet to be determined, being conditioned on the court's ruling on the instant motion. Both parties, as well as the court, believe that a claim construction hearing, a.k.a. *Markman* hearing, should be held, and a trial date set. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). The parties appear to disagree on when that hearing should be held, and whether and to what extent the court should limit the claims plaintiff may pursue.

Defendants assert that construing potentially thousands of terms contained in the 125 patent claims asserted is unmanageable, and a waste of resources. Defendants ask the court to limit plaintiff to 10 asserted patent claims, and to require plaintiff to articulate its infringement contentions with respect to those claims. Plaintiff asserts that such a limitation would be premature (because discovery is still ongoing), and highly prejudicial (because it would operate as a defacto dismissal or summary judgment as to potential claims).

## II. Judgment Standard

Construction of claims is a question of law for the court, *Markman*, 517 U.S. at 387, and post-*Markman* cases indicate that this court is granted discretion to fashion a procedure by which the claims at issue will be construed, *see* Timothy M. Salmon, *Procedural Uncertainty in* Markman *Hearings: When Will the Federal Circuit Show the Way*, 18 St. John's J. Legal Comment, 1031, 1036 (2004) (citing *Sofamar Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996) (stating that trial courts should interpret claims when they feel they have sufficient knowledge of the dispute claims and prior art); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d

---

[2] The court recently ruled on a third party's motions to intervene and to disqualify plaintiff's counsel (Doc. 62, 64; 239); and plaintiff's motion to compel answers to interrogatories and document requests (Doc. 115; 224). Currently pending before the court is defendants' motion to compel a complete response to their infringement contention interrogatory (Doc. 183).

-3-

795, 803 (Fed. Cir. 1999) (rejecting a per se rule that discovery must precede claim construction); John Lane & Christine Pepe, *Living Before, Through, and With* Markman: *Claim Construction as a Matter of Law*, 1 Buff. Intell. Prop. L. J. 59, 62, 63–64 (2001) (noting the only limitation on discretion in determining timing of *Markman* hearing is that it must occur in jury trials prior to jury instruction)).

However, very little guidance has been provided to district courts in how to proceed regarding interpreting patent claim disputes, including how, when, and by what means claim construction should be handled. *See* William Lee & Anita Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim Construction Hearings*, 13 Harv. J. L. & Tech 55, 60–61 (1999) (arguing that "the timing and procedures that judges are to follow in interpreting claims are far from settled, and courts' practices in interpreting claim language have varied wildly"). This court is vested with a great deal of discretion in managing its docket, and directing the course and scope of discovery and other pretrial matters. Mindful of constitutional obligations as well as applicable statutes and rules, the court approaches the instant motion with the goal of securing the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1.

**III.     Discussion**

   *A.     Plaintiff's Asserted Number of Claims*

There are legitimate ways in which to streamline the claim construction process when faced with myriad claims from multiple patents. Defendants are correct that a number of district courts have, as part of case management, preemptively limited the number of claim terms that the court will construe, or the number of patent claims a plaintiff will be allowed to assert. *See Stamps.Com, Inc., v. Endicia, Inc.*, No. CV 06-7499-ODW, 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) (in case with 600 claims at issue in eleven patents, and where plaintiff asserted 400 claims infringed,

court ordered that number of "claims at trial would be limited to fifteen or so," and limited expert discovery to thirty claims); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07CV104, 2008 WL 2485426, at *1 (E. D. Tex. June 13, 2008) (sua sponte ordering parties to limit to ten the number of claim terms to be construed, and to select three representative claims from each patent); *IP Cleaning S.p.A v. Annovi Reverberi, S.p.A*, No. 08-cv-147-bbc, 2006 WL 5925609, at *1 (W. D. Wis. Oct. 26, 2006) (ruling that, regardless of how many patents and patent claims were asserted, the court would only construe 16 claim terms); *Fenster Family Patent Holdings, Inc., v. Siemens Med. Solutions USA, Inc.*, No. Civ. A 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (finding plaintiff's assertion of 90 claims and 49 allegedly infringing products "unreasonable"; "arbitrar[ily]" limiting plaintiff to 10 claims and 5 products); *see also* N.D. Ill. Local Patent Rule 4.1(b) ("No more than ten (10) terms or phrases may be presented to the Court for construction absent prior leave of court upon a showing of good cause. . . .").

The court agrees with defendants that, presently, the litigation is unwieldy. However, the discovery cut-off is not imminent, and it would be premature to limit the number of claims plaintiff may assert at this time. Indeed, contrary to defendant's predictions, plaintiff anticipates that there will likely "be a limited and manageable number of claim terms that are actually in dispute and that require a construction by the court." (Doc. 201, at 6.) To this extent, the court denies defendants' motion. It does so without prejudice, however, and with the following additional orders.

*B.     Claim Construction Schedule/Supplemental Scheduling Order*

A lack of direction from the court may have contributed to the instant motion and the discovery issues the parties appear to be facing. Each party appears to be posturing, simultaneously seeking information or action, but declining to reciprocate. Some firm direction has been set by this court's Order dated March 10, 2010, granting in part and denying in part plaintiff's motion to

compel (Doc. 115); and the scheduling order issued on March 15, 2010 (Doc. 228.) The court believes a detailed and aggressive scheduling order relating to claim construction would benefit the parties, their counsel, and the court, and would serve to ensure a just, speedy, and inexpensive resolution of this litigation. As much as the parties may wish not to reveal their positions at this stage, they must do so if they seek the benefit of claim construction before filing motions for summary judgment and eventually proceeding to a trial. To this end, the court believes that the following exchanges, disclosures, briefs, and other proceedings are appropriate, and should be made in addition to those already required by the federal rules, local rules, and the scheduling order previously entered in this case:

| |
|---|
| Plaintiff's disclosure of Asserted Claims and Preliminary Infringement Contentions, if not already disclosed |
| Defendants' disclosure of Preliminary Non-Infringement, Unenforceability, and Invalidity Contentions, if not already disclosed |
| Exchange of Proposed Terms and Claim Elements for Construction (The parties shall serve on each other a list of claim terms which that party contends should be construed by the court) |
| Exchange of Preliminary Claim Construction (containing party's proposed constructions) and Extrinsic Evidence (including but not limited to technical dictionaries, textbooks, deposition statements and reports or affidavits by witnesses, expert and percipient, to include description of the substance of proposed witness testimony) |
| After meet and confer, file Joint Claim Construction and Pre-hearing Statement (identifying claims, terms, and/or phrases to be construed, and setting out why judicial construction is necessary, and whether it is outcome-determinative; also set out anticipated length of time necessary for hearing, and identity of witnesses and summary of witness testimony, if any is to be offered) |
| Plaintiff's Claim Construction Brief |
| Defendants' Responsive Claim Construction Brief |
| Plaintiff's Reply Claim Construction Brief |
| Claim Construction (*Markman*) Hearing |

> Plaintiff's Final Infringement Contentions; Defendants' Final Non-Infringement,
> Unenforceability, and Invalidity Contentions (to be amended only upon showing of good cause
> and absence of unfair prejudice)

The court directs the parties to engage in a scheduling conference with Judge Waxse in order to set dates for accomplishing each of the above, and thereby supplement and fill out the scheduling order already entered in this case.

The court expects the parties and their attorneys to limit the terms they ultimately submit for construction to those that might be unfamiliar or confusing to the jury, or which are unclear or ambiguous in light of the specification and patent history. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997); *Orion IP, LLC v. Staples, Inc.*, 406 F. Supp. 2d 717, 738 (E.D. Tex. 2005) ("'[A]lthough every word used in a claim has a meaning, not every word requires a construction.'"); *Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, No. 9:06CV259, 2008 WL 112119, at *4 (E.D. Tex. Jan. 8, 2008). If, after the disclosures described above are made and discovery has progressed according to the scheduling order, defendants still have the same complaints that necessitated the instant motion, defendants may again seek to limit the number of claims or terms for construction.

**IT IS THEREFORE ORDERED** that defendants' Cross-Motion to Limit Asserted Number of Patent Claims (Doc. 197) is denied without prejudice.

**IT IS FURTHER ORDERED** that the parties meet with Judge Waxse for the purpose of setting a claim construction schedule to include the exchanges, disclosures, briefs, and procedures set out above.

Dated this 29th day of March, 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**