# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HIGH POINT SARL, | ) | |
| | ) | |
| | ) | |
| **Plaintiff and Counterclaim** | ) | **CIVIL ACTION** |
| **Defendant,** | ) | |
| | ) | |
| | ) | **Case No. 09-2269-CM-DJW** |
| **v.** | ) | |
| | ) | |
| **SPRINT NEXTEL** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants and** | ) | |
| **Counterclaimants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Answers to an Infringement Contention Interrogatory (doc. 183) filed by Sprint Nextel Corporation; Sprint Spectrum L.P.; Sprintcom, Inc.; Sprint Communications Company L.P.; Sprint Solutions, Inc.; APC PCS, LLP; APC Realty and Equipment Company, LLC; and STC Two LLC (collectively, "Sprint"). Sprint seeks an order compelling Plaintiff and Counterclaim Defendant High Point SARL ("High Point") to fully respond to its Interrogatory No. 2, which seeks the basis for High Point's infringement allegations and any other principal or material grounds that High Point has for alleging infringement. High Point opposes the Motion on the grounds that Interrogatory No. 2 is premature and that High Point has already answered Interrogatory No. 2 with sufficient specificity. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.    BACKGROUND

High Point filed this patent infringement case against Sprint on December 29, 2008 in the

United States District Court for the Eastern District of Virginia.[1]  This case was transferred from the United States District Court for the Eastern District of Virginia to this district on May 18, 2009.[2]

High Point alleges that it is the assignee of four United States Patents: (1) Patent No. 5,195,090 (the "'090 Patent"), (2) Patent No. 5,305,308 (the "'308 Patent"), (3) Patent No. 5,184,347 (the "'347 Patent"), and (4) Patent No. 5,195,091 (the "'091 Patent") (collectively referred to as the "Patents in Suit").  According to High Point, Sprint's CDMA cellular telephone networks infringe the Patents in Suit and, as a result of this infringement, High Point been damaged and will continue to incur damages until Sprint is enjoined from such infringement.  Sprint filed its Answer and Counterclaims, denying the allegations of infringement and asserting counterclaims against High Point for declaratory judgment of the invalidity of the Patents in Suit and a declaratory judgment of noninfringement of the Patents in Suit.

Sprint's Motion concerns its Interrogatory No. 2, which states:

> Provide a claim chart identifying each Accused Product and, for each identified Accused Product, setting forth its structure and/or method of use which High Point contends corresponds to each relevant limitation for each claim identified in response to Interrogatory No. 1.  Where a limitation is set forth in "means plus function" or "step plus function" form, set forth the structure or acts disclosed in the specification which carries out the function and the corresponding structure or acts in each Accused Product.  Where High Point asserts that a claim limitation is met by the doctrine of equivalents, set forth the structure in the Accused Product and/or method of using the Accused Product which is alleged to be equivalent and the "function, way, and result" analysis that allegedly supports the same, and state why any difference is insubstantial.[3]

High Point objected to Interrogatory No. 2 on the grounds that it is premature.  Subject to

---

[1] Compl. (doc. 1).

[2] Op. & Order (doc. 123).

[3] Defs.-Counterclaimants' First Set of Interrogs. to High Point SARL (attached as Ex. 1 to Sprint's Mot. to Compel Answers to an Infringement Contention Interrog. (doc. 183)) at 6.

this objection, High Point provided a 800-plus page set of claim charts which, according to High Point, specifically show how the Sprint network meets every limitation of every asserted claim.

## II.    DISCUSSION

Sprint seeks to compel High Point to respond more fully to Interrogatory No. 2.  Sprint argues that High Point's answer to Interrogatory No. 2, although 800 pages in length, is insufficient because it does not provide information that was specifically requested in Interrogatory No. 2, including identification of the structures in the patent specification corresponding to the means-plus-function claim elements in the asserted patent claims, identification of the acts in the patent specification corresponding to the step-plus-function claim elements, and information concerning High Point's infringement contentions under the doctrine of equivalents.

High Point makes three arguments as to why the Court should deny Sprint's Motion.  First, High Point argues that Interrogatory No. 2 prematurely seeks identification of the structures corresponding to the means-plus-function or step-plus-function limitations.  Second, High Point argues that it has fulfilled its discovery objection by providing Sprint with 800 pages of infringement charts which contain detailed information and which sufficiently demonstrate how Sprint infringes the asserted claims.  Third, High Point argues that it is premature to require High Point to identify theories relating to the doctrine of equivalents.  The Court will examine of these arguments in turn.

### 1.    Identification of the Structures Corresponding to the Means-plus-function or Step-plus-function Limitations is Premature

High Point argues that it is not yet required to provide certain information sought in Interrogatory No. 2, namely identification of the structure in the High Point patent specifications corresponding to the means-plus-function or the step-plus-function limitations.  According to High Point, the scheduling orders in this district, local patent rules in other districts and common practice in patent litigation demonstrate that this identification is to be made at the time of claim construction

and not in the plaintiff's initial infringement contentions.

Assuming, *arguendo*, that High Point is correct concerning the timing of the disclosure of the requested information, the Court need not look to the scheduling orders in other cases or the local rules in other districts to determine the "proper" timing for the information sought by Interrogatory No. 2. Rather, the Court looks to the Order Setting Claim Construction Scheduling (doc. 247) which was entered in this case and which shows that the parties are in the midst of preparing for the *Markman* hearing. As of the date of this Order, the following claim construction deadlines have now passed: (1) High Point's deadline for disclosing asserted claims and preliminary infringement contentions, (2) Sprint's deadline to disclose preliminary non-infringement, unenforceability, and invalidity contentions, (3) the deadline for the parties to exchange proposed terms and claim elements for construction, (4) the deadline for the parties to exchange preliminary claim construction (containing each party's proposed constructions) with intrinsic evidence and extrinsic evidence, and (5) the deadline for the parties to meet and confer and to file a joint claim construction and pre-hearing statement. In addition, High Point's claim construction brief is due in a few days and the *Markman* hearing is scheduled to take place in approximately two months. It appears to the Court that the parties are in the midst of claim construction.

Considering the current status of this case, the Court concludes that based on High Point's own argument, the time for High Point to identify the structure in the High Point patent specifications corresponding to the means-plus-function or the step-plus-function limitations has come. The Court therefore overrules any objection by High Point that this requested information in Interrogatory No. 2 is premature.

## 2. 800-Page Infringement Charts are Sufficient

High Point also argues that it has fulfilled its discovery obligations because its 800 pages of claim charts contain detailed information setting out its allegations, and these charts sufficiently show how Sprint infringes the asserted claims. High Point argues that it "has a general obligation to show that it has a basis for alleging infringement."[4] High Point further argues that it "must provide the information available to it at the time it serves its discovery responses . . . . [and this] is exactly what High Point has done."[5] High Point argues that its 800 pages of infringement charts have satisfied its obligations and "invites the Court to review High Point's infringement charts to confirm their breadth, detail, and sufficiency."[6]

The Court has no doubt that High Point's 800 pages of infringement charts contain detailed information. However, the question is not whether High Point has provided detailed information, but whether High Point has provided all of the responsive information available to it when answering Interrogatory No. 2. Based on Plaintiff's objections concerning the premature nature of Interrogatory No. 2, it is not clear whether High Point provided all responsive information available to High Point or whether High Point did not provide certain information in its possession on the grounds that it would be premature to provide that information. Having overruled High Point's premature objection, the Court will require High Point to supplement its response to Interrogatory No. 2 and require High Point to certify that it has provided all responsive information available to High Point at the time of providing the supplemental answer.

## 3. Identification of Theories Relating to the Doctrine of Equivalents is Premature

---

[4] High Point SARL's Resp. to Sprint's Mot. to Compel Answers to an Infringement Contention Interrog. (doc. 194) at 6-7.

[5] *Id.* at 7.

[6] *Id.*

Finally, High Point argues that it is premature to require High Point to identify theories relating to the doctrine of equivalents. In its response to Sprint's Interrogatory No. 2, High Point stated that it believes it will be able to demonstrate that the network literally infringes every element of every asserted claim. However, High Point alleges, in the alternative, infringement under the doctrine of equivalents. Sprint seeks an order requiring High Point to disclose its "equivalents" theories of infringement now, rather than after its literal infringement theories are defeated.

High Point argues that it "cannot now disclose a theory of infringement under the doctrine of equivalents for elements it believes are literally present in the Sprint network."[7] In support of this argument, High Point points out that the doctrine of equivalents is only applicable where a product does not literally infringe the express terms of a patent claim.[8] High Point claims that based on what it currently knows, it believes it will be able to demonstrate at trial that the network literally infringes every element of every asserted claim.

While the Court agrees that the two theories are certainly alternative theories, High Point fails to explain why it cannot articulate a theory of infringement under the doctrine of equivalents at this time. High Point cannot avoid its obligation to fully answer Interrogatory No. 2 simply by arguing that Interrogatory No. 2 is premature and stating in a conclusory manner that High Point "cannot" disclose its theories of infringement under the doctrine of equivalents.[9] If High Point is asserting that a claim limitation is met by the doctrine of equivalents, then High Point has an obligation to fully answer Interrogatory No. 2 and "set forth the structure in the Accused Product

---

[7] High Point SARL'S Resp. to Sprint's Mot. to Compel Answers to an Infringement Contention Interrogatory (doc. 194) at 9.

[8] *Id.* (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

[9] Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

and/or method of using the Accused Product which is alleged to be equivalent and the 'function, way, and result' analysis that allegedly supports the same, and state why any difference is insubstantial."[10]  The Court therefore overrules High Point's premature objection to the portion of Interrogatory No. 2 seeking information concerning its theory of infringement under the doctrine of equivalents.  High Point shall supplement its response to Interrogatory No. 2 to articulate its theory of infringement under the doctrine of equivalents if High Point is indeed asserting such a claim in this case.

## III.    SPRINT'S REQUEST FOR PRECLUSION

Sprint asks the Court to preclude High Point from asserting any claim of infringement under the doctrine of equivalents.  In support of this request, Sprint argues that High Point has not disclosed its theory of infringement under the doctrine of equivalents and therefore Sprint would be prejudiced.  However, the Court has overruled Plaintiff's premature objection and ordered Plaintiff to supplement its response to Interrogatory No. 2 to articulate its theory of infringement under the doctrine of equivalents if High Point is indeed asserting such a claim in this case.  The Court therefore denies Sprint's request.

## IV.    EXPENSES

Under Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel is granted in part and denied in part, as is the case here, then the court may "apportion the reasonable expenses for the motion."[11]  The

---

[10] Defs.-Counterclaimants' First Set of Interrogs. to High Point SARL (attached as Ex. 1 to Sprint's Mot. to Compel Answers to an Infringement Contention Interrog. (doc. 183)) at 6.

[11] Fed. R. Civ. P. 37(a)(5)(C).

Court has reviewed the relevant pleadings and concludes that it is appropriate in this case to require the parties to bear their own expenses incurred in connection with the Motion.

## V.    CONCLUSION

For the reasons set forth above, the Motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Sprint's Motion to Compel Answers to an Infringement Contention Interrogatory (doc. 183) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that High Point shall supplement its answer to Interrogatory No. 2 by **August 6, 2010**.  In answering Interrogatory No. 2, High Point shall certify that it has provided all responsive information available to High Point at the time of providing the supplemental answer.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of July 2010.


s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge


cc:    All counsel and *pro se* parties