# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HIGH POINT SARL,                              )
                                          )

           **Plaintiff,**                     )

v.                                            )
                                          )       **No. 09-2269-CM-DJW**

                                          )
SPRINT NEXTEL CORP., et al.,                  )

           **Defendants.**                    )
_____)

## MEMORANDUM AND ORDER

Plaintiff High Point Sarl ("plaintiff"), a Luxembourg company, filed this patent infringement action against defendants Sprint Nextel Corporation; Sprint Spectrum L.P.; SprintCom, Inc.; Sprint Communications Company L.P.; Sprint Solutions, Inc.; APC PCS, LLP; APC Realty and Equipment Company, LLC; and STC Two LLC (collectively "Sprint" or "defendant"). Plaintiff originally filed this case on December 29, 2008 in the United States District Court for the Eastern District of Virginia. The case was transferred to this district on May 18, 2009. Plaintiff alleges that defendants' CDMA cellular telephone networks are infringing on four patents that it holds. Plaintiff seeks a declaratory judgment of infringement; a permanent injunction against defendants; a declaration that this is an exceptional case under 35 U.S.C. § 285 and an award of attorney's fees; actual damages not less than a reasonable royalty under 35 U.S.C. § 284; treble damages under 35 U.S.C. § 284; and interest and costs under 35 U.S.C. § 284. (Doc. 1.) Defendants counterclaim for a declaratory judgment of invalidity and/or non-infringement as to each of the four patents. (Doc. 225.) The case is before the court on Sprint's Renewed Motion to Limit The Number of Asserted Patent Claims (Doc. 370). For the following reasons, the court grants the motion and makes other

rulings as set forth below.

## I.      Factual and Procedural Background

Plaintiff, as the assignee of the four patents at issue,[1] alleges that defendants have been and are now willfully "infringing, inducing infringement, and/or contributing to the infringement" of each of these patents by "making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention."  (Doc. 1, at 8–10.)

Plaintiff's original complaint asserted all 178 patent claims in these four patents.   After the exchange of initial discovery, plaintiff reduced its assertions to 125 claims, as set out in an 800-page analysis of its infringement contentions, provided to defendant in August of 2009.  (Doc. 197, at 201; Doc. 201, at 2.)

In December, 2009, defendants filed a Cross Motion to Limit Asserted Number of Patent Claims (Doc. 197), asking the court to limit plaintiff to 10 asserted patent claims, and to require plaintiff to articulate its infringement contentions with respect to those claims.

In a Memorandum and Order dated March 29, 2010, this court denied the motion without prejudice, concluding that, although the litigation was "unwieldy," such limitation would be premature where the discovery cut-off was not imminent; a general scheduling order had only recently been entered; and there had been no firm direction from the court relating to claim construction.  Notably, plaintiff anticipated that only "a limited and manageable number of claim terms [would] actually [be] in dispute and [would] require a construction"  (Doc. 240) (quoting Doc.

---

[1]  According to plaintiff's complaint, United States Patent No. 5,195,090 (the "'090 patent") contains 57 claims.  (Doc. 1-3, at 1.)  Patent No. 5,305,308 (the "'308 patent") contains 33 claims. (Doc. 1-6, at 1.)  Patent No. 5,184,347 (the "'347 patent") contains 46 claims.  (Doc. 2, at 1.)  Patent No. 5,195,091 (the "'091 patent") contains 42 claims.  (Doc. 2-3, at 1.)

201, at 6.))

In accord with the court's order, Judge Waxse entered a claim construction schedule that set deadlines for certain exchanges, disclosures, briefs, and other proceedings in addition to those already required by the federal rules, local rules, and the scheduling order previously entered in this case (Doc. 247.)

Despite the court's admonition that the parties "limit the terms they ultimately submit for construction" (Doc. 240, at 7); and despite the extensive disclosures, exchanges, and months of discovery that have occurred since the court's order, plaintiff is still asserting 117 claims. Moreover, from this court's review of plaintiff's claim construction brief, there appear to be well over sixty (60) disputed terms as to which the parties seek construction.  (Doc. 394.)

Defendant filed this renewed motion, again asking the court to limit plaintiff's assertions under the four patents to be limited to ten (10) claims.  (Doc. 371, at 4 (citing *Broadcom v. EmulezCorp.*, No. 09-CV-1058-JVS-AN, slip op. at 9 (C. D. Cal. June 30, 2010))).

Plaintiff again asserts that such a limitation would be premature (because discovery is still ongoing), and prejudicial (because it would operate as a defacto dismissal of potential claims). Plaintiff asks the court instead to, *inter alia*, reduce the number of claim terms for construction to 10, and to "enter a scheduling order . . . to assist [the parties] in narrowing the issues for disposition at *Markman* and . . . for trial."[2]  (Doc. 397, at 3.)

─────────────

[2]  Plaintiff now proposes that the court (1) require the parties "to meet and confer with an eye towards identifying the key issues before the Court"; (2) limit the number of claim terms to 10 claim terms for construction, and if the parties cannot agree, they each pick five terms; (3) require plaintiff to provide updated infringement contentions on August 13, 2010, and defendant to provide supplemental non-infringement contentions on August 27, 2010; at which time (4) plaintiff will reduce its asserted claims to 60 claims.  Plaintiff also suggests that the court take up, at the *Markman* hearing, the status of third-party productions and pending discovery-related motions.  Plaintiff then asserts that, if productions are substantially complete, plaintiff will reduce its claims to 45, and to 25

(continued...)

## II.    Judgment Standard

The standard of judgment governing this court's review of defendant's motion is, as noted in its March 29, 2010 Memorandum and Order, one of discretion.  Ever-mindful of constitutional obligations as well as applicable statutes and rules, the court approaches the instant motion with the goal of securing the just, speedy, and inexpensive determination of this action.  Fed. R. Civ. P. 1.

## III.    Discussion

### A.    *Limiting Claims, Claim Terms*

This court may preemptively limit the number of claim terms that the court will construe, or the number of patent claims a plaintiff will be allowed to assert.  *See Stamps.com, Inc., v. Endicia, Inc.*, No. CV 06-7499-ODW, 2009 WL 2576371, at *3  (C.D. Cal. May 21, 2009) (in case with 600 claims at issue in eleven patents, and where plaintiff asserted 400 claims infringed, court ordered that number of "claims at trial would be limited to fifteen or so," and limited expert discovery to thirty claims); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07CV104, 2008 WL 2485426, at *1 (E. D. Tex. June 13, 2008) (ordering, *sua sponte*, the parties to limit to ten the number of claim terms to be construed, and to select three representative claims from each patent); *IP Cleaning S.p.A v. Annovi Reverberi, S.p.A*, No. 08-cv-147-bbc, 2006 WL 5925609, at *1 (W. D. Wis. Oct. 26, 2006) (ruling that, regardless of how many patents and patent claims were asserted, the court would only construe 16 claim terms);   *Fenster Family Patent Holdings, Inc., v. Siemens Med. Solutions USA, Inc.*, No. Civ. A 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (finding plaintiff's assertion of 90 claims and 49 allegedly infringing products "unreasonable"; arbitrarily limiting plaintiff to 10 claims and 5 products).

---

[2] (...continued)
by the close of discovery.

The court agrees with defendants that this litigation is still unwieldy. Although the court's March 29, 2010 Memorandum and Order agreed with plaintiff that such a limitation would be premature, that order along with the scheduling order subsequently entered (Doc. 247), set out "a detailed and aggressive scheduling order relating to claim construction" that was designed to assist the parties in identifying the critical issues for construction, and to narrow the scope of the litigation. (Doc. 240, at 6.) The court declines plaintiff's invitation to repeat this process. The deadlines set for the following have passed: (1) Defendants' disclosure of Preliminary Non-Infringement, Unenforceability, and Invalidity Contentions for 5 claims per patent (20 in all); (2) Defendants' disclosure of Preliminary Non-Infringement, Unenforceability, and Invalidity Contentions for remainder of Asserted Claims; (3) Exchange of Proposed Terms and Claim Elements for Construction; (4) Exchange of Preliminary Claim Construction with Intrinsic Evidence and Extrinsic Evidence; Joint Claim Construction and Prehearing Statement after meet and confer; (5) and Plaintiff's Claim Construction Brief. The discovery cut-off date has recently been extended, by joint motion of the parties, from August 10, 2010, to December 17, 2010. (Docs. 374, 380.)

Currently, all that is left for purposes of claim construction is defendants' responsive brief and plaintiff's reply. The *Markman* hearing is set for September 22, 2010, and the parties' final contentions are due four weeks from the date of the court's order on claim construction.

The time for identifying critical issues and for narrowing the scope of the litigation, if not passed, is now. In this case, the court believes it is appropriate, at this stage, for plaintiff to identify twenty (20) claims, from any or all of the four patents, that are representative of the claims at issue in the litigation.

For the same reasons, the court agrees with plaintiff that the number of terms should be limited to those most critical to plaintiff's claims and defendants' noninfringement counterclaims.

The parties represent that there are no terms that would be outcome determinative. The parties are directed to identify no more than twenty (20) claim terms for the court to construe. These will likely be terms that would be unfamiliar or confusing to a jury, or which are unclear or ambiguous in the context of the patent claim. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997); *Orion IP, LLC v. Staples, Inc.*, 406 F. Supp. 2d 717, 738 (E.D. Tex. 2005) ("'[A]lthough every word used in a claim has a meaning, not every word requires a construction.'"); *Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, No. 9:06CV259, 2008 WL 112119, at *4 (E.D. Tex. Jan. 8, 2008). If the parties cannot agree on twenty distinct terms to present to the court for construction, plaintiff shall identify one term, defendants shall identify two terms, plaintiff shall identify one term, defendants shall identify one term, and the parties will continue to alternate choosing terms until each party has identified ten (10) terms for the court to construe.

The goal of the *Markman* hearing is to provide guidance as to the court's construction of the most critical or often-repeated claim terms and, thus, provide a roadmap with respect to the direction any additional claim construction might take. The court believes that the approach outlined above, including limitation of the claims at issue, will accomplish this goal.

The court's strategy for streamlining the claim construction process is different, however, from avoiding the process altogether, or from engaging in a defacto dismissal of plaintiff's asserted claims. *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1321 n.2 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2430 (2008) (O'Malley, J., concurring in part and dissenting in part). By directing plaintiff to identify a limited number of claims, and the parties to limit the terms for construction, the court does not absolutely preclude, at this point, plaintiff from asserting any of the 97-some remaining claims or disputing terms later in the litigation. *See Auto. Tech. Intern., Inc. v. Delphi Corp.*, No. 08-CB-11048, 2009 WL 211039, at *2 (E. D. Mich. Jan. 28, 2009) (limiting plaintiff to a

total of 26 representative claims from the five patents at issue, but rejecting defendant's argument that limitation precluded plaintiff from asserting remaining claims later in litigation). It is the court's belief that resolution of issues regarding the representative claims, including disputed terms therein, will lead to an orderly, likely stipulated, resolution of any remaining claims. The reason for limiting the number of claims to a select group of representative claims is to streamline the issues for the court and eventually for trial. Plaintiff should endeavor to choose as representative claims that are believed to encompass all, or a majority, of the issues material to this litigation, *i.e.*, the representative claims selected should truly be representative and therefore assist in streamlining the viable issues for litigation. The court will not foreclose the possibility, at this stage, that further litigation or construction may be necessary as to one or more of the remaining 97-some claims, or terms contained therein. This may be particularly true where, as here, defendants have asserted a declaratory judgment counterclaim challenging the validity of the claims. *See, e.g., Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1371 (Fed. Cir. 2003). However, the court will rely upon counsels' Rule 11 obligations, when the time comes, to determine whether additional litigation is necessary.

This court acknowledges the complexity of this case, both in terms of its scope and its subject matter. The court is—for lack of a better word—disappointed that the case remains unmanageably broad in its scope, but is confident that requiring the parties to engage in the above-outlined measures will significantly assist in facilitating a determination of this action in accord with the principles of Rule 1. Fed. R. Civ. P. 1.

The court recognizes that the orders set out above will require plaintiff to modify its *Markman* brief. Indeed, the claim construction schedule must be modified to accommodate the orders set out herein, and to ensure the parties each have a full and fair opportunity to present their

arguments relating to claim construction. The court directs the parties to work with Judge Waxse to accomplish this goal. The *Markman* hearing will be continued from September 22, 2010, to January 26, 2011, at 9:00 a.m. Additionally, the court does not anticipate addressing third-party production or pending discovery-related motions at the *Markman* hearing. If necessary, the parties should address these issues with Judge Waxse by way of status conference or otherwise.

**IT IS THEREFORE ORDERED** that defendants' Renewed Motion to Limit the Number of Asserted Patent Claims (Doc. 370) is granted.

**IT IS FURTHER ORDERED** that plaintiff is directed to identify no more than twenty (20) claims, from any or all of the four patents, that are representative of the claims at issue in the litigation.

**IT IS FURTHER ORDERED** the parties are directed to identify no more than twenty (20) claim terms for the court to construe. If the parties cannot agree on twenty distinct terms to present to the court for construction, plaintiff shall identify one term, defendants shall identify two terms, plaintiff shall identify one term, defendants shall identify one term, and so on, alternating until each party has identified ten (10) terms for the court to construe.

**IT IS FURTHER ORDERED** that the *Markman* hearing will be continued from September 22, 2010, to January 26, 2011, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the parties shall meet with Judge Waxse to modify the claim construction schedule as necessary in light of the court's orders herein.

Dated this <u>18th</u> day of August, 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**