## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HIGH POINT SARL,** | ) | |
| | ) | |
| **Plaintiff and Counterclaim** | ) | **CIVIL ACTION** |
| **Defendant,** | ) | |
| | ) | **Case No. 09-2269-CM-DJW** |
| **v.** | ) | |
| | ) | |
| **SPRINT NEXTEL** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants and** | ) | |
| **Counterclaimants.** | ) | |

## ORDER APPOINTING SPECIAL MASTER

This matter is before the Court on the issue of appointment of a special master to conduct the *Markman* hearing scheduled in this case. On September 7, 2010, the Court conducted a telephone conference, during which the Court discussed with counsel for the parties the issue of appointing a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C) to handle the *Markman* hearing because it appeared that the matters involved in that hearing could be addressed more effectively and timely by a special master. Counsel agreed to take the matter into consideration and to consult with their respective clients regarding the appointment of a special master to conduct the *Markman* hearing.

On September 13, 2010, the Court conducted a second telephone conference, wherein the parties confirmed they were in agreement as to the appointment of a special master for the purpose of conducting the *Markman* hearing. The parties were given time to attempt to reach an agreement on a person to serve as a special master. The parties were unable to agree on who should be appointed as special master, and thus each provided the Court with a person to consider to serve as special master. The Court, after reviewing the parties' respective positions with regard to who should be appointed as special master, has decided to appoint Karl Bayer of Austin, Texas. The Court has confirmed that Mr. Bayer does not have any relationship to the parties, attorneys, this

action, or the Court that would require disqualification of a judge under 28 U.S.C. § 455. The Court therefore enters the following Order with regard to the appointment of Mr. Bayer as Special Master.

Accordingly, IT IS THEREFORE ORDERED that

1.      Karl Bayer is hereby appointed as Special Master in this case.

2.      It is the Court's intent that the Special Master handle and conduct the *Markman* hearing and provide the Court with a Report and Recommendations related to such hearing.

3.      The Special Master shall meet with counsel for Plaintiff and Defendants to establish a procedure and schedule to complete the *Markman* hearing.

4.      The Special Master shall proceed with all reasonable diligence in carrying out his designated duties. In the event the Special Master needs additional time to complete any of the tasks with a specific deadline, he should advise the Court.

5.      The Special Master and any persons assisting the Special Master shall be bound by the confidentiality provisions of the parties' Protective Order.

6.      The Special Master is authorized to meet with the parties and to establish any procedures that may aid the Special Master in fulfilling his duties.

7.      The parties are directed to work with the Special Master in good faith.

8.      The Special Master shall preserve all materials submitted to him in conjunction with his duties but shall file only such evidence or documents as he deems necessary for this Court's review of his Report and Recommendations, pursuant to Fed. R. Civ. P. 53(b)(2)©.

9.      Any motion for review of any Special Master order, finding, or recommendation shall be filed within 21 days from the date of the filing of the Special Master's order, report, or recommendation, and will be considered by District Judge Carlos Murguia. The standards for review of the Special Master's order or recommendation are set forth in Fed. R. Civ. P. 53(f).

10.	The Special Master shall have the authority to communicate *ex parte* with the parties for the purposes of any administrative matter that, in his opinion, warrants *ex parte* communication. The Special Master shall have the authority to communicate *ex parte* with the Court under all circumstances. The Special Master shall have the authority to set limits on the parties' communications with him.

11.	The Special Master shall be paid on an hourly basis at $350 per hour and shall submit monthly bills, with a fairly detailed description of his activities, to the Court and the parties. Within ten days of receipt of the bill, the parties shall advise the Court whether they have any objection to the amount billed by the Special Master. The Court will then determine the amount to be paid and whether there should be any deviation from the normal equal apportionment.

12.	Pursuant to Fed. R. Civ. P. 53(c), the Special Master has the authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties. The Special Master may by order impose upon a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 17th day of November 2010.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:	All counsel and *pro se* parties