IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HIGH POINT SARL, | ) | |
| | ) | |
|     **Plaintiff and Counterclaim Defendant,** | ) ) | CIVIL ACTION |
| | ) | Case No. 09-2269-CM-DJW |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, et al., | ) ) | |
| | ) | |
|     **Defendants and Counterclaimants.** | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Non-Party Alcatel-Lucent USA Inc.'s (1) Motion for a Protective Order Limiting Discovery Sought by High Point SARL (SEALED ECF No. 316), and (2) Motion for Leave to File a Supplemental Declaration in Support of its Motion for a Protective Order Limiting Discovery Sought by High Point SARL (SEALED ECF No. 436). For the reasons set forth below, the Motion for a Protective Order (ECF No. 316) is denied without prejudice, and the Motion to Supplement the Motion for a Protective Order (ECF No. 436) is denied.

**I.    BACKGROUND**

High Point SARL (hereinafter, "High Point") filed this patent infringement case against Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC (collectively referred to as "Sprint"), alleging that Sprint's CDMA cellular telephone networks infringe four United States patents which were assigned to High Point. High Point sought to obtain certain discovery regarding non-party Alcatel-Lucent USA Inc.'s code-division multiple

access ("CDMA") wireless network products, as Sprint's wireless networks appear to include CDMA equipment purchased from, among others, Alcatel-Lucent USA Inc. Because Alcatel-Lucent USA Inc. is not a party to this action, High Point subpoenaed Alcatel-Lucent USA Inc. to obtain this discovery. The subpoena was issued by the United States District Court for the District of New Jersey on June 19, 2009 (the "Subpoena"). Alcatel-Lucent USA Inc. now moves this Court, under to Fed. R. Civ. P. 26(c), for a protective order preventing High Point from obtaining certain discovery pursuant to the Subpoena.

## II. DISCUSSION

In their briefing, Alcatel-Lucent USA Inc. and High Point focus on why the Court should, or should not, enter a protective order under Fed. R. Civ. P. 26(c). However, this focus is misdirected because it assumes that the Court has jurisdiction to entertain Alcatel-Lucent USA Inc.'s Motion for a Protective Order even though the Subpoena was issued from the United States District Court for the District of New Jersey. This Court recently addressed the issue of whether it has jurisdiction to rule on a motion a for protective order directed at a subpoena issued from another jurisdiction in *Rajala v. McGuire Woods, LLP*.[1]

In *Rajala*, the plaintiff sought a protective order under Fed. R. Civ. P. 26(c) prohibiting the defendant from obtaining documents from non-party Kirkland & Ellis, LLP pursuant to a subpoena issued by the United States District Court for the Northern District of Illinois. As noted in *Rajala*, Fed. R. Civ. P. 45 governs subpoenas. Under Fed. R. Civ. P. 45(c)(3)(A), "[o]n timely motion, the

---

[1] Civ. No. A. 08-2638-CM-DJW, 2010 WL 4683979 (D. Kan. Nov. 12, 2010).

issuing court must quash or modify a subpoena" under certain circumstances.[2] Courts have thus uniformly held that only the issuing court has the authority to quash or modify a subpoena. "This is the rule because subpoenas issued under Rule 45 constitute process of the issuing court, and are enforced by that same court."[3] "Accordingly, the court in which the action is filed lacks jurisdiction to rule on subpoenas issued from other courts."[4]

On the other hand, motions for protective order are governed by Fed. R. Civ. P. 26(c), which provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[5] It further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and that such an order may forbid the discovery, specify the terms under which the discovery may be had, or prescribe a different method of discovery than the one selected by the party seeking the discovery.[6]

Applying these rules, this Court concluded in *Rajala* that it did not have the authority or jurisdiction to entertain a motion to quash or modify the subpoena. The Court concludes that the same is true in this case with respect to the Subpoena issued by the United States District Court for

---

[2] Fed. R. Civ. P. 45(c)(3)(A).

[3] *Rajala*, 2010 WL 4683979, at *3 (citing *Jennings v. Short-Elliott-Hendrickson, Inc.*, Civ. A. No. 05-cv-01056-LTB-MEH, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007)) (citations and quotations omitted).

[4] *Id.* (citing *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir.1991); *Davis Audio Visual, LLC v. Greer*, Civ. A. No. 09-cv-00175-ZLW-MEH, 2009 WL 1537892, at *2 (D. Colo. May 28, 2009)).

[5] Fed. R. Civ. P. 26(c)(1).

[6] *Id.*

the District of New Jersey. This does not, however, end the Court's inquiry. As this Court held in *Rajala*:

> Notwithstanding the Rule 45(c)(3) principle that the district court which issues the subpoena has the exclusive authority to rule on motions to quash or modify the subpoena, this Court has the authority and responsibility to control the broad outline and scope of discovery in the case. Thus, when a party files a motion for protective order in this Court that would have the effect of quashing or modifying a subpoena issued from another district, this Court may entertain that motion where (1) the issues raised are central to the case and extend beyond the specifics of the particular subpoena, and (2) the requested ruling is necessary to insure that general discovery issues will receive uniform treatment, regardless of the district in which the discovery is pursued.[7]

The Court further held in *Rajala* "that the party who files the motion for protective order must bear the burden to show why this Court should depart from the general rule of not exercising jurisdiction over subpoenas issued from other jurisdictions and to persuade the Court why it is necessary for the Court to entertain the motion for protective order to control the broad outline and scope of discovery."[8]

Alcatel-Lucent USA Inc. does not attempt to explain why this Court should depart from the general rule of not exercising jurisdiction over subpoenas issued from other jurisdictions. Thus, the Court is not persuaded as to why it is necessary to entertain the Motion for a Protective Order. However, because the issue of the Court's jurisdiction was not discussed at all by Alcatel-Lucent USA Inc. or High Point, the Court will deny the Motion for a Protective Order without prejudice to refiling to include an explanation of why this Court should entertain a motion for a protective order under Fed. R. Civ. P. 26(c) directed at the Subpoena.

---

[7] *Rajala*, 2010 WL 4683979, at * 7.

[8] *Id.*

4

Alcatel-Lucent USA Inc., pursuant to its Motion to Supplement the Motion for a Protective Order, seeks leave to file a declaration in support of its Motion for a Protective Order. The Motion to Supplement the Motion for a Protective Order was filed almost two months after Alcatel-Lucent USA Inc. filed its reply brief in support of its Motion for a Protective Order. Alcatel-Lucent USA Inc. makes no attempt to explain to the Court why it could not have attached the declaration to its Motion for a Protective Order or its reply brief. The Court concludes that there must be an end to briefing at some point in order to ensure the just, speedy and inexpensive determination of every action.[9] The Court will therefore deny the Motion to Supplement the Motion for a Protective Order.

**IT IS THEREFORE ORDERED** that Alcatel-Lucent USA Inc.'s Motion for a Protective Order Limiting Discovery Sought by High Point SARL (SEALED ECF No. 316) is denied without prejudice to refiling to include an explanation of why this Court should entertain a motion for a protective order under Fed. R. Civ. P. 26(c) directed at the Subpoena.

**IT IS FURTHER ORDERED** that Alcatel-Lucent USA Inc.'s Motion for Leave to File a Supplemental Declaration in Support of its Motion for a Protective Order Limiting Discovery Sought by High Point SARL (SEALED ECF No. 436) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of January 2011.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[9] *See* Fed. R. Civ. P. 1.