IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HIGH POINT SARL, | ) | |
| | ) | |
|     **Plaintiff and Counterclaim** | ) | CIVIL ACTION |
|     **Defendant,** | ) | |
| | ) | Case No. 09-2269-CM-DJW |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
|     **Defendants and** | ) | |
|     **Counterclaimants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is High Point's Motion to Compel Third Party Ericsson to Comply with High Point's Subpoena (ECF No. 270). Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), High Point seeks an order compelling non-party Ericsson Inc. ("Ericsson") to produce documents responsive to High Point's subpoena dated December 2, 2009 and to make a witness available for deposition. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

High Point SARL (hereinafter, "High Point") filed this patent infringement case against Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC (collectively referred to as "Sprint"), alleging that Sprint's CDMA cellular telephone networks infringe four of High Point's patents. After High Point filed this lawsuit, Sprint and Ericsson entered into a Network Advantage agreement in which Ericsson agreed to manage the accused network, which Ericsson has been doing since July 2009. High Point therefore subpoenaed Ericsson for documents and deposition testimony relating to the

current operation and composition of Sprint's network.

The subpoena, issued by the United States District Court for the District of Kansas, commands Ericsson to appear for the taking of a deposition on certain topics, and to produce certain documents. Topics for deposition identified in the subpoena include the design, operation, structure, function, configuration, and installation of Sprint's CDMA network and any component of Sprint's CDMA network pursuant to the Network Advantage Deal, the identity of all major elements that are or have been a part of Sprint's CDMA network since the execution of the Network Advantage Deal, the identification, design, operation, structure, function, configuration, and installation of all relevant Ericsson CDMA products, and the Network Advantage Deal. The documents requested in the subpoena include agreements relating to the Network Advantage Deal, documents provided by Sprint to Ericsson relating to Sprint's CDMA network, documents related to the design, operation, structure, function, configuration or installation of Sprint's CDMA network or any component of Sprint's CDMA network provided by Sprint to Ericsson in connection with the negotiation of the Network Advantage Deal, and documents sufficient to identify all major elements that are or have been a part of Sprint's CDMA network since the execution of the Network Advantage Deal.

Ericsson asserted numerous objections to the subpoena. Having reviewed the parties' exhibits, it is clear to the Court that High Point conferred with Ericsson concerning compliance with the subpoena, and subsequently filed this Motion when they were unable to reach an agreement.[1]

---

[1] The parties argue extensively about whether the meet and confer process was satisfied. The Court finds no need to discuss this issue at length, because it is clear that the parties conferred and were unable to reach an agreement as to the treatment of the subpoena. It is also clear that this Court's involvement is necessary to resolve this dispute.

## II.     DISCUSSION

Ericsson does not deny that it is contractually obligated to generate and maintain the subpoenaed documents relating to Sprint's network in the normal course of its business. It also does not deny that the documents requested are in its possession. Instead, Ericsson argues that High Point should be required to first obtain the subpoenaed documents from Sprint before seeking the documents from Ericsson so as to avoid imposing undue burden or expense on Ericsson. Ericsson argues that it has not refused to comply with the subpoena, but rather has simply insisted that High Point reduce Ericsson's burden by seeking the subpoenaed documents from Sprint before requesting from Ericsson the specific documents that High Point cannot obtain from Sprint. Ericsson argues that High Point's obligation to first seek the subpoenaed documents from Sprint comes from Fed. R. Civ. P. 45, which provides,

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.[2]

Ericsson argues that the documents High Point seeks, based on the face of the requests, are available from Sprint. Ericsson thus opposes High Point's Motion on the grounds that the subpoena is unduly burdensome and seeks information more readily obtainable from Sprint.

Ericsson relies primarily on *Haworth, Inc. v. Herman Miller, Inc.*[3] to support its argument that High Point should be required to seek the subpoenaed documents from Sprint before seeking them from Ericsson. In *Haworth*, Herman Miller, Inc. ("Herman Miller") appealed an order of the

---

[2] Fed. R. Civ. P. 45(c)(1).

[3] 998 F.2d 975 (Fed. Cir. 1993).

United States District Court for the Northern District of Illinois in an ancillary proceeding to obtain discovery from Allsteel, a non-party. The *Haworth* court commented on the extreme steps taken by Herman Miller to obtain discovery from every possible resource, noting Herman Miller's counsel's promise "that he would 'leave no stone unturned' in his zealous defense against Haworth's claim that Herman Miller has infringed" its patent.[4] The *Haworth* court also noted that "Herman Miller first aggressively pursued discovery in every forum *except* that of the actual suit for infringement."[5] The court concluded, "A review of Herman Miller's discovery odyssey shows that it has clearly exceeded the bounds afforded civil litigants by the discovery rules."[6]

The *Haworth* court then looked to the subpoena at issue. Herman Miller served upon non-party Allsteel a subpoena which demanded production of certain documents, including documents pertaining to a settlement agreement reached between Haworth and Allsteel. Allsteel produced several thousand pages of documents in response to the subpoena, but refused to produce the settlement agreement on the grounds that it would violate its duty of confidentiality imposed by the agreement. At some point, Herman Miller also sought the settlement agreement from Haworth. Herman Miller then moved first to compel production of the settlement agreement from non-party Allsteel.

The Illinois district court denied Herman Miller's motion to compel, holding that:

If [Herman] Miller is seeking the settlement agreement, surely the same settlement agreement should be produced whether by Allsteel or Haworth. Moreover, any objections to the discoverability of such documents could then be ruled upon in the Northern District of Georgia, by the judge who is presiding over the underlying case.

---

[4] *Id.* at 976.

[5] *Id.* (emphasis in original).

[6] *Id.*

4

We find that the notions of judicial economy and efficiency require us to deny the motion to compel Allsteel to produce the settlement documents. Miller should first attempt to obtain the desired documents from the opposing party, Haworth, in the court which is presiding over the underlying case, the Northern District of Georgia.[7]

The Federal Circuit agreed with the lower court, explaining:

Fed. R. Civ. P. 26(b), relating to the general scope and limits of discovery, expressly acknowledges that a court may limit discovery if it determines that the discovery sought 'is obtainable from some other source that is more convenient, less burdensome, or less expensive.' Thus, this court has noted that the need for discovery in an ancillary proceeding 'is diminished when the information is available elsewhere.' [] Consistent with this authority, the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding. That is all that the district court has done here. It has not forbidden Herman Miller from obtaining the settlement documents from Allsteel; it has merely required that Herman Miller first seek them from Haworth.[8]

The *Haworth* decision, does not, as Ericsson contends, require High Point to first seek the subpoenaed documents from Sprint. Indeed, the facts in *Haworth* are clearly distinguishable from the facts in this case. Unlike High Point, the subpoenaing party in *Haworth*, Herman Miller, was on an extreme "discovery odyssey," and admittedly was on a mission to leave no stone unturned. Herman Miller, before seeking discovery from the opposing party, aggressively pursued discovery in every forum except that of the actual suit for infringement. Here, the docket reveals that High Point has been pursuing discovery from opposing party Sprint, not just Ericsson or other non-parties. In addition, unlike Ericsson, the subpoenaed party in *Haworth*, Allsteel, actually produced thousands of pages of documents responsive to the subpoena and only refused to produce the settlement agreement on the grounds of confidentiality. Furthermore, unlike the settlement agreement in

---

[7] *Id.* at 977.

[8] *Id.* at 978 (citations omitted).

*Haworth*, it is not at all readily apparent that the subpoenaed documents sought by High Point are also obtainable from Sprint. Finally, the lower court's concern in *Haworth* that discovery issues be handled by the judge presiding over the underlying case do not exist here because the subpoena directed to Ericsson was issued by the District of Kansas.

Having considered the facts in this case and the parties' respective arguments, the Court concludes that in the interest of judicial economy and efficiency, Ericsson, the contractual custodian of the subpoenaed documents, should comply with the subpoena and provide High Point will all responsive documents. The Court sees no undue burden or expense that would require High Point to first seek these documents from Sprint. Indeed, the Court notes that aside from arguing that these documents should first be sought from Sprint, Ericsson has not attempted to explain exactly how the subpoena imposes an undue burden or expense.[9]

As for the deposition demanded in the subpoena, Ericsson states that it has no objection to a deposition conducted at a mutually agreeable date and time, so long as the deposition occurs within 100 miles of the witness' residence or place of business and so long as Ericsson is reimbursed for its costs and attorneys' fees, and any costs or expenses incurred by the witness. In support of its request for expenses, Ericsson relies on the provision in Fed. R. Civ. P. 45 which expressly states that a non-party must be protected from undue burden or expense. However, as the Court has already concluded that the subpoena does not impose such a burden, the Court denies Ericsson's request for attorneys' fees and any costs or expenses incurred by the witness. However, High Point

---

[9] *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM-DJW, 2002 WL 1822432, at *4 (D. Kan. July 23, 2002) ("[T]he party resisting discovery has the obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure which would be required to produce the requested documents.") (citations omitted).

shall, as required by Fed. R. Civ. P. 45, conduct the deposition within 100 miles from where the witness resides or is employed.

**IT IS THEREFORE ORDERED** that High Point's Motion to Compel Third Party Ericsson to Comply with High Point's Subpoena (ECF No. 270) is granted. Ericsson shall begin a rolling production of documents responsive to each request within the subpoena **within 14 days** of the date of this Memorandum and Order, and shall complete its production **within 30 days** of the date of this Memorandum and Order. In addition, Ericsson shall produce a witness for deposition on each topic in the subpoena at a mutually agreeable date and location, but in any event, no later than **14 days** after Ericsson confirms that it has completed its document production.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 14th day of January 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties