IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HIGH POINT SARL,** | ) | |
| | ) | |
| **Plaintiff and Counterclaim Defendant,** | ) ) | CIVIL ACTION |
| | ) | Case No. 09-2269-CM-DJW |
| v. | ) ) | |
| **SPRINT NEXTEL CORPORATION, et al.,** | ) ) ) | |
| **Defendants and Counterclaimants.** | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court are High Point's Motion to Compel Sprint to Produce its Motorola-Related Documents for Review of All Counsel (ECF No. 290), High Point's Motion and Supporting Memorandum for Leave to Make Disclosure of Supplemental Facts Relating to its Motion to Compel Sprint to Produce its Motorola-Related Documents for Review by All Counsel (ECF No. 373), and Motorola's Motion for a Protective Order to Prevent Disclosure to Dechert (ECF No. 385). For the reasons set forth below, High Point's Motion to Compel (ECF No. 290) is granted, High Point's Motion to Supplement (ECF No. 373) is denied, and Motorola's Motion for Protective Order (ECF No. 385) is denied.

**I.    BACKGROUND**

High Point SARL (hereinafter, "High Point") filed this patent infringement case against Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC (collectively referred to as "Sprint"), alleging that Sprint's CDMA cellular telephone networks infringe four United States patents which were assigned to High Point. After High Point

filed this lawsuit, Motorola, Inc. ("Motorola") filed motions to intervene and to disqualify Dechert LLP ("Dechert") from serving as counsel to High Point.

The Court granted Motorola's motion to intervene for the limited purpose of allowing Motorola to pursue its motion to disqualify.[1] The Court then denied Motorola's motion to disqualify, concluding that, although Motorola is a current client of Dechert, there is no conflict of interest under Kansas Rule of Professional Conduct ("KRPC") 1.7(a)(1), KRPC 1.7(a)(2), or KRPC 1.9. The Court further concluded that even if Dechert's representation of High Point creates a conflict of interest, the blunt remedy of disqualification is not appropriate. Instead, the Court required High Point to obtain special, separate conflict counsel to handle any discovery that may be directed at Motorola, and ordered that Dechert shall have no involvement in that discovery whatsoever.

## II. DISCUSSION

The three motions addressed by the Court in this Memorandum and Order all concern the interpretation of the Court's Memorandum and Order (ECF No. 239) denying Motorola's motion to disqualify Dechert and requiring High Point to obtain separate conflict counsel. First, High Point filed its Motion to Compel seeking an order compelling Sprint to produce all Motorola-related documents and allowing all of High Point's counsel of record, including Dechert, to have access to those documents. High Point filed its Motion to Compel because Sprint has insisted the Court's Memorandum and Order (ECF No. 239) prohibits Dechert from reviewing the Motorola-related documents and only allows these documents to be provided to High Point's separate conflict counsel. Second, High Point filed its Motion to Supplement, seeking permission to supplement its

---

[1] Mem. & Order (ECF No. 239).

Motion to Compel and provide the Court with information concerning Motorola's wireless CDMA infrastructure. Third, Motorola filed its Motion for a Protective Order seeking an order preventing disclosure to Dechert of any information, documents or testimony provided by Motorola in response to or in connection with the subpoena served upon Motorola by High Point.

At the heart of each of these motions is a dispute about what the Court meant when it required High Point to retain separate conflict counsel to handle discovery directed at Motorola, and prohibited Dechert from having any involvement in such discovery. High Point argues that the Court never meant to prohibit Dechert from reviewing documents or information obtained from Motorola or concerning Motorola, but rather simply sought to prohibit Dechert from directly demanding those documents from Motorola, or cross-examining or deposing any Motorola witnesses. Sprint and Motorola, on the other hand, argue that the Court sought to prevent Dechert from receiving and reviewing discovery related to Motorola, especially Motorola's non-public, confidential and trade secret technical information conveyed to Sprint. Motorola, through its Motion for a Protective Order, also seeks to prevent disclosure to Dechert of any information, documents or testimony provided by Motorola in response to the subpoena served on Motorola by High Point.

Thus, in order to resolve all three motions, the Court must explain what it meant in its Memorandum and Order (ECF No. 239) when it required High Point to retain separate conflict counsel to handle discovery directed at Motorola, and prohibited Dechert from having any involvement in such discovery. In its Memorandum and Order (ECF No. 239), the Court considered whether Dechert's continued representation of High Point resulted in a conflict of interest under KRPC 1.7(a)(1), KRPC (a)(2), and KPRC 1.9. The Court concluded that no conflict of interest existed under any of these rules.

Relevant to the Court's decision on the pending motions is its analysis of Motorola's arguments concerning Dechert's alleged conflicts of interest under KRPC 1.7(a)(1) and (a)(2), which are set forth in the Court's Memorandum and Order (ECF No. 239). KRPC 1.7(a)(1) prohibits an attorney from representing a client if the representation will be directly adverse to another client. Motorola made three arguments in support of its claim that Dechert's representation of High Point is directly adverse to Motorola. The argument pertinent to the Court's analysis here is Motorola's third argument, namely, that Motorola may be subpoenaed by High Point to provide documents or give testimony in this case. In support of its third argument, Motorola argued that substantial discovery and witness testimony may be directed at demonstrating infringement by infrastructure components that Motorola supplies to Sprint. Motorola thus argued that Dechert may subpoena Motorola seeking certain documents or testimony and that a Motorola representative may be a witness at trial. The Court considered Motorola's third argument and concluded that the mere possibility that Motorola may be a witness or may be subpoenaed to produce documents, without more, was not sufficient to conclude that Motorola is directly adverse to High Point under KRPC 1.7(a)(1).

The Court then looked to KRPC 1.7(a)(2), which prevents a lawyer from representing a client if "there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client or a third person or by a personal interest of the lawyer."[2] Again, Motorola argued that a conflict under KRPC 1.7(a)(2) existed because Motorola may be subpoenaed by High Point to provide documents or give testimony in this case. The Court considered this argument and concluded that the likelihood that Motorola may be a

---

[2] KRPC 1.7(a)(2).

4

witness or may be subpoenaed to produce documents is not significant enough to find a conflict of interest under KRPC 1.7(a)(2). The Court held that any conclusion that discovery will be directed at Motorola would require the Court to engage in speculation because Motorola had not been subpoenaed, a Motorola representative had not been identified as a potential witness, and High Point had not indicated that it intended to seek documents or testimony from Motorola. However, the Court noted that "to the extent that such discovery is sought from Motorola, Dechert and High Point have made it clear that High Point will obtain special, separate conflict counsel who will handle any discovery directed at Motorola."[3]

The Court then assumed *arguendo* that Dechert's representation of High Point created a conflict of interest under either KRPC 1.7(a)(1) or (2), and held that such a conflict did not require disqualification of Dechert as High Point's counsel. In reaching this conclusion, the Court noted that "if discovery is ever directed at Motorola, High Point and Dechert have already agreed that special, separate conflict counsel will be retained to handle all discovery directed at Motorola."[4] The Court then held,

> Having considered the particular circumstances of this case, the Court concludes that even if Dechert's representation of High Point creates a conflict of interest under either KRPC 1.7(a)(1) or (2), the blunt remedy of disqualification is not appropriate. Rather, the Court will require High Point to obtain special, separate conflict counsel (if it has not already done so) to handle any discovery that may be directed at Motorola, and Dechert shall have no involvement in that discovery whatsoever.[5]

High Point, Sprint and Motorola now argue about what the Court meant when it required High Point to retain separate conflict counsel to handle any discovery that may be directed at

---

[3] Mem. & Order (ECF No. 239) at 41.

[4] *Id.* at 43.

[5] *Id.* at 45.

5

Motorola, and when it prohibited Dechert from having any involvement in such discovery. The Court finds that under its Memorandum and Order (ECF No. 239), Dechert was prohibited from handling any discovery directed at Motorola. This means that Dechert cannot cross-examine a Motorola witness, Dechert cannot serve a subpoena on Motorola, and Dechert cannot take any other discovery action directed at Motorola.

However, nothing in the Court's Memorandum and Order (ECF No. 239) prohibits Dechert from reading testimony given by Motorola or from reviewing documents provided by Motorola or related to Motorola. Indeed, it appears that Motorola never argued and the Court never considered whether providing Dechert with such information resulted in a violation of the Kansas Rules of Professional Conduct. Rather, after concluding that there was no conflict of interest under either KRPC 1.7(a)(1) or (2), the Court considered, for the sake of argument, whether the *taking* of such discovery (if such discovery was ever sought) would create direct adversity or create a substantial risk that Dechert's representation of High Point or Motorola would be materially limited by Dechert's responsibilities to either client. The Court concluded that the taking of such discovery would not result in a conflict of interest because High Point had promised to retain separate conflict counsel to handle such discovery directed at Motorola. Thus, the Court finds that its holding in the Memorandum and Order (ECF No. 239) requiring High Point to retain conflict counsel to handle discovery directed at Motorola, and prohibiting Dechert from being involved in such discovery means that Dechert may not take or direct any discovery at Motorola, but it does not mean that Dechert is prohibited from reading the testimony given by Motorola, from reviewing documents provided by Motorola to High Point or to Sprint, or from reviewing Motorola-related documents.

The Court notes that the parties dedicate a significant portion of their arguments to whether

there is a current conflict of interest. The Court finds that this issue is not properly raised in the pending motions. The Court ruled on the issue of disqualification in its Memorandum and Order (ECF No. 239), which the Court has now interpreted for the parties. However, any request that the Court reconsider the issue of disqualification should be raised in a separate motion concerning disqualification, accompanied by current and relevant evidentiary support. The Court therefore denies High Point's Motion to supplement the record concerning the current status of Motorola's wireless CDMA infrastructure.

Finally, the Court notes that High Point seeks an order requiring Sprint to pay its expenses incurred in connection with filing its Motion to Compel under Fed. R. Civ. P. 37(a)(5)(A). Under Fed. R. Civ. P. 37(a)(5)(A), if the motion to compel is granted, as is the case here, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion."[6] However, the Court "must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified."[7] Given the nature of the language used by the Court in its Memorandum and Order (ECF No. 239), the Court concludes that Sprint's conduct was substantially justified and therefore denies High Point's request for expenses.

**IT IS THEREFORE ORDERED** that High Point's Motion to Compel Sprint to Produce its Motorola-Related Documents for Review of All Counsel (ECF No. 290) is granted. Sprint shall produce all Motorola-related documents requested by High Point (if it has not already done so) by

---

[6] Fed. R. Civ. P. 37(a)(5)(A).

[7] *Id.*

**January 28, 2011**, and all of High Point's counsel of record may have access to the Motorola-related documents, including Dechert.

**IT IS FURTHER ORDERED** that High Point's Motion and Supporting Memorandum for Leave to Make Disclosure of Supplemental Facts Relating to its Motion to Compel Sprint to Produce its Motorola-Related Documents for Review by All Counsel (ECF No. 373) is denied.

**IT IS FURTHER ORDERED** that Motorola's Motion for a Protective Order to Prevent Disclosure to Dechert (ECF No. 385) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of January 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties