IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HIGH POINT SARL, | ) | |
| | ) | |
|     **Plaintiff and Counterclaim** | ) | **CIVIL ACTION** |
|     **Defendant,** | ) | |
| | ) | Case No. 09-2269-CM-DJW |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
|     **Defendants and** | ) | |
|     **Counterclaimants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is High Point's Motion to Compel Sprint to Supplement its Response to Interrogatory No. 4 (Non-Infringement Contentions) (ECF No. 447). For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

High Point SARL (hereinafter, "High Point") filed this patent infringement case against Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC (collectively referred to as "Sprint"), alleging that Sprint's CDMA cellular telephone networks infringe four United States patents which were assigned to High Point. Sprint then filed its Answer and Counterclaims, denying the allegations of infringement and asserting counterclaims against High Point for declaratory judgment of the invalidity of the patents in suit and a declaratory judgment of non-infringement of the patents in suit.

At issue is High Point's Interrogatory No. 4, which calls for Sprint's non-infringement contentions. Specifically, Interrogatory No. 4 provides, "For each claim of each High Point patent

that you assert you do not infringe, state all factual and legal bases for your assertion, including identifying all evidence upon which you rely." Although Sprint has responded to Interrogatory No. 4, High Point seeks an order compelling Sprint to supplement its response to Interrogatory No. 4. High Point asks the Court to order Sprint to provide supplemental non-infringement contentions that respond to each assertion in High Point's infringement contentions with the same level of technical details as provided by High Point's contentions, including an identification of the specific portion of each document on which Sprint will rely to rebut High Point's infringement allegations. High Point's request is limited to the 20 representative claims identified by High Point.

After conferring with Sprint in an attempt to resolve this dispute, High Point filed this Motion.

**II.    DISCUSSION**

Sprint makes several arguments as to why it should not have to supplement its answer to Interrogatory No. 4, all of which amount to an argument that such supplementation, at this point, is premature. Although Sprint acknowledges its obligation to supplement its response to Interrogatory No. 4 pursuant to Fed. R. Civ. P. 26(e)(1)(A), Sprint argues that High Point is not invoking this rule, but rather is seeking to impose a heightened standard for an interrogatory response. Sprint argues that High Point's request for the same level of detail as that provided by High Point in its own interrogatory responses is not required by the Federal Rules of Civil Procedure. Sprint also argues that supplementation is premature because High Point's allegations have reached a level of technical specificity necessitating analysis by an expert witness. Sprint claims that it cannot be expected to set forth intricate details regarding the inner workings of the equipment Sprint obtains from four different suppliers. Because Sprint is the customer that uses the accused equipment, and not the

2

designer or manufacturer of that equipment, Sprint claims that detailed rebuttal of High Point's revised infringement contentions are the province of expert discovery and not part of fact discovery.

With respect to Fed. R. Civ. P. 26(e), Sprint points to the Court's Scheduling Order (ECF No. 228), which Sprint argues directs the parties to abide by Fed. R. Civ. P. 26(e) and to provide supplemental disclosures 40 days before the deadline for the completion of all discovery. Sprint claims that because the deadline for the completion of all discovery has not been set, the deadline for supplementation of disclosures has also not been set.

Finally, Sprint claims that the Order Setting Claim Construction Schedule (ECF No. 247) does not anticipate a date for High Point's final supplementation of infringement contentions until four weeks after a ruling on claim construction, after which, Sprint fully anticipates supplementing is non-infringement contentions as well.

Having considered Sprint's many arguments, the Court finds that High Point's Motion should be granted in part and denied in part. The Court finds that the resolution of this matter is a simple one. As an initial matter, the Court notes that Interrogatory No. 4 is overbroad on its face because it seeks *all* factual and legal bases and *all* evidence relied upon by Sprint. This Court has routinely narrowed interrogatories seeking all facts and all evidence to the principal and material facts and evidence.[1] The Court therefore narrows Interrogatory No. 4 as follows: "For each claim of each High Point Patent that you assert you do not infringe, state the principal and material factual and legal bases for your asserting, including identifying the principal and material evidence upon which you rely."

---

[1] *See e.g., Anderson v. United Parcel Service, Inc.*, Civ. A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at * 6 (D. Kan. Nov. 22, 2010).

The Court notes that Sprint appears to confuse the requirements of Fed. R. Civ. P. 26(e) and the Court's Scheduling Order (ECF No. 228). Fed. R. Civ. P. 26(e) requires a party who has responded to an interrogatory to supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[2] Fed. R. Civ. P. 26(e) also requires such supplementation as ordered by the Court.[3] The Court's Scheduling Order (ECF No. 228) does not alter the requirements of Fed. R. Civ. P. 26(e) to timely supplement interrogatory responses. Indeed, the Scheduling Order specifically states, "Supplementation of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule."[4] The Scheduling Order then goes on to provide that "such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery."[5] Thus, the Scheduling Order does not change the requirement to timely supplement disclosures under Fed. R. Civ. P. 26(e), but rather gives the parties an additional deadline for supplementation of those disclosures.

The Court thus turns to the question of whether Sprint should be required to now supplement its non-infringement contentions for the 20 representative claims identified by High Point. In answering this question, to Court looks to Fed. R. Civ. P. 33, which requires the party answering an interrogatory to answer each interrogatory, to the extent it is not objected to, *fully*, in writing, and

---

[2] Fed. R. Civ. P. 26(e)(1)(A).

[3] Fed. R. Civ. P. 26(e)(1)(B).

[4] Scheduling Order (ECF No. 228) at 8.

[5] *Id.*

under oath. The Court also looks to Fed. R. Civ. P. 26(e), which specifically requires supplementation of interrogatory responses as ordered by the Court. Finally, the Court also notes that Sprint recently sought to compel High Point to supplement its infringement contentions in response to Sprint's Interrogatory No. 2. High Point argued, as Sprint does here, that it was premature to provide an answer to the interrogatory with the level of specificity requested by Sprint. The Court dismissed High Point's argument that it was premature to answer Sprint's Interrogatory No. 2 with the level of specificity requested by Sprint. In doing so, the Court explained that High Point had a duty to provide all of the responsive information available to it when answering Interrogatory No. 2. The Court further explained,

> High Point cannot avoid its obligation to fully answer Interrogatory No. 2 simply by arguing that Interrogatory No. 2 is premature and stating in a conclusory manner that High Point "cannot" disclose its theories of infringement under the doctrine of equivalents. If High Point is asserting that a claim limitation is met by the doctrine of equivalents, then High Point has an obligation to fully answer Interrogatory No. 2.[6]

The Court finds that the same rationale applies here. If Sprint is claiming non-infringement, then Sprint has an obligation to fully answer Interrogatory No. 4 with the information currently available to Sprint. Having considered all of Sprint's arguments, the Court sees no reason why Sprint should not be required to supplement its response to Interrogatory No. 4 (as revised by the Court) with the same level of specificity as that provided by High Point, using the information currently available to Sprint. The Court will thus exercise its discretion and order such supplementation under Fed. R. Civ. P. 26(e)(1)(B). Such supplementation shall be limited to the 20 representative claims identified by High Point.

---

[6] Mem. & Order (ECF No. 372) at 6.

**III.    EXPENSES**

Under Fed. R. Civ. P. 37(a)(5)(C), if a motion to compel is granted in part and denied in part, as is the case here, then the court may "apportion the reasonable expenses for the motion."[7] The Court has reviewed the relevant pleadings and concludes that it is appropriate in this case to require the parties to bear their own expenses incurred in connection with the Motion.

**IT IS THEREFORE ORDERED** that High Point's Motion to Compel Sprint to Supplement its Response to Interrogatory No. 4 (Non-Infringement Contentions) (ECF No. 447) is granted in part and denied in part. **<u>Within 20 days</u>** of the date of the filing of this Memorandum and Order, Sprint shall supplement its response to Interrogatory No. 4 (as revised by the Court herein), to provide the same level of specificity as that provided by High Point, using the information currently available to Sprint. Such supplementation shall be limited to the 20 representative claims identified by High Point.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of January 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

---

[7] Fed. R. Civ. P. 37(a)(5)(C).