# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HIGH POINT SARL, | ) | |
| | ) | |
|     **Plaintiff and Counterclaim Defendant,** | ) ) | **CIVIL ACTION** |
| | ) | **Case No. 09-2269-CM-DJW** |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, et al., | ) ) | |
| | ) | |
|     **Defendants and Counterclaimants.** | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Compel Subpoenaed Documents From Avaya, Inc. (ECF No. 293) and Avaya Inc.'s Motion to Strike Sprint's Reply in Support of its Motion to Compel, or in the Alternative, to Request That the Court Enter a Briefing Schedule to Address the New Issues (ECF No. 442). Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), Defendants seek an order compelling non-party Avaya Inc. ("Avaya") to produce documents responsive to Defendants' subpoena dated April 13, 2010. Related to the motion to compel, Avaya has filed a motion to strike Defendants' reply. For the reasons set forth below, both motions are granted in part and denied in part. Defendants' Motion to Compel is granted to the extent it requests an order compelling Avaya to produce any documents being withheld on the basis of an objection other than privilege or work product. Avaya's Motion to Strike Sprint's Reply is denied, but the alternative relief requested, a separate briefing schedule on the privilege issues raised in Defendants' reply, is granted.

**I. BACKGROUND**

High Point SARL (hereinafter, "High Point") filed this patent infringement case against Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC (collectively referred to as "Sprint"), alleging that Sprint's CDMA cellular telephone networks infringe four of High Point's patents.

Relevant to the pending motion to compel subpoenaed documents, Sprint alleges that Avaya is not a wholly uninterested subpoenaed non-party, but instead has an association with and financial interest in High Point. More specifically, Sprint alleges that Avaya facilitated the creation of High Point for the purpose of pursing companies suspected of infringing upon patents previously owned by Avaya and later conveyed through other entities to High Point.

On April 13, 2010, Sprint served an Amended Notice of Subpoena to Avaya. The subpoena, issued out of the District of Kansas, commands Avaya to produce documents responsive to nineteen Document Requests. The subpoena's document requests seek, *inter alia,* the production of documents and things referring or relating to the patents-in-suit or related intellectual property, communication with Sprint as to the patents-in-suit, assignment or transfer of the patents-in-suit, and litigation and enforcement of the patents-in-suit.

On April 22, 2010, Avaya served its Objections to the subpoena. It asserted objections to all nineteen document requests. It objected on the grounds and to the extent the requests are overbroad, vague, ambiguous and/or unduly burdensome as to time and/or subject matter. It also objected that the requests seek information that is irrelevant, proprietary, confidential and/or trade secret, or outside of Avaya's possession, custody, control or knowledge. It further objected to the

requests as seeking the production of documents that are protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges or protections. For all but two of the requests, Avaya objected that they seek materials available through sources other than Avaya and through less burdensome means.

On April 30, 2010, Avaya served supplemental objections to Sprint's subpoena. After several email exchanges regarding Avaya's objections to Sprint's subpoena, Sprint filed the Motion to Compel on May 21, 2010. One of Avaya's main concerns was a procedure for avoiding production of responsive documents already produced by High Point. Following the filing of the motion, Avaya and Sprint agreed on May 28, 2010, to a proposal for identifying responsive documents.

On June 18, 2010, Avaya produced documents to supplement High Point's production. On that same day, it served its second supplemental objections on Sprint. On July 2, 2010, Avaya made a supplemental document production.

On July 16, 2010, Avaya provided Sprint with a description of custodians and sources for specific bates ranges and produced a replacement CD-ROM to Sprint, which contained additional metadata for electronic documents from its production on July 2, 2010. It also produced two privilege logs, one for its production on June 18, 2010 and one for its production on July 2, 2010.

On July 23, 2010, Avaya produced additional responsive documents and a privilege log. On July 30, 2010, Avaya produced a supplemental name list identifying Avaya personnel and non-Avaya personnel on its privilege logs.

On August 19, 2010, Avaya produced supplemental privilege logs for its July 2, 2010 production and July 23, 2010 production to address certain privilege concerns raised by Sprint. On

August 25, 2010, Avaya produced additional documents that were inadvertently withheld.

Avaya filed its response in opposition to Sprint's Motion to Compel on August 26, 2010. It urges the Court to deny the motion as moot because it has produced responsive documents. It further argues that any issue or questions about its assertion of privilege should not be considered by the Court because Sprint did not raise the privilege issue in its motion.

In its reply, Sprint disagrees that its Motion to Compel is moot based upon Avaya's partial compliance by producing documents. Sprint also asserts that Avaya has waived its privilege objections to the subpoena due to its failure to timely provide a privilege log. It also argues that Avaya has not met its burden of supporting its assertion of attorney-client privilege. It requests that the Court overrule Avaya's remaining objections and order Avaya to fully comply with its subpoena.

Avaya has filed a motion to strike Sprint's reply and attached exhibits. It argues that the reply and exhibits should be stricken because Sprint improperly raises new legal and factual issues for the first time in its reply. In the alternative, Avaya requests that the Court construe Sprint's reply as a separate motion to compel and set a briefing schedule for the filing of a response and reply.

## II. DISCUSSION

Avaya requests that the Court deny Sprint's Motion to Compel Subpoenaed Documents as moot. It asserts that the motion is moot because it has complied with the subpoena and produced documents. Sprint disagrees that its Motion to Compel is moot based upon Avaya's partial compliance by its production of documents.

The Court finds that although Avaya has produced documents it claims are responsive to the subpoena, Sprint's motion to compel subpoenaed documents is not necessarily moot. Avaya served objections to the document requests contained in Sprint's subpoena on April 22, 2010. Almost two

months later, on June 18, 2010, Avaya produced documents. It produced additional documents on July 2 and July 23, 2010. Because Avaya asserted objections and then produced documents in response to the subpoena, the Court cannot determine whether Avaya is withholding responsive documents by relying on one of its many objections to the subpoena's document requests. In its response to Sprint's Motion to Compel, Avaya discusses only its privilege and work product objections. It does not discuss or reassert any of the other objections it originally asserted to the subpoena document request. It is well settled in this District that "[o]bjections that are initially raised in a party's response to a discovery request but that are not relied upon or discussed in response to a motion to compel will be deemed abandoned."[1] All objections that Avaya initially asserted but failed to rely upon or reassert in its response to the motion to compel are therefore deemed to be abandoned.

Sprint's Motion to Compel Subpoenaed Documents From Avaya is therefore granted in part and denied in part. The motion is granted to the extent that it requests an order compelling Avaya to produce any documents being withheld on the basis of an objection other than privilege or work product. **Within 30 days of the date of this Memorandum and Order**, Avaya shall produce all documents responsive to the subpoena that it has not previously produced, except for documents that are being withheld based on an assertion of attorney-client privilege, attorney work product, and/or a common interest privilege. The motion to compel is denied without prejudice as to Sprint's request to compel Avaya to produce privileged documents responsive to the subpoena. Avaya produced privilege logs on July 16, July 23, and August 19, 2010, well after it served Sprint with

---

[1] *Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *5 n.14 (D. Kan, Nov. 22, 2010).

its objections to the subpoena on April 22nd and after Sprint filed its Motion to Compel on May 21, 2010. Sprint did not raise the privilege issue in its motion; it instead raised the issue in its reply filed on September 23, 2010, after Avaya produced its privilege logs. However, by first raising the privilege issue in its reply, Avaya has not had an opportunity to respond to Sprint's arguments, namely that Avaya has waived any assertion of privilege due to its untimely production of privilege logs and failed to meet its burden of supporting its assertions of attorney-client privilege, attorney work product, and a common interest privilege. The Court agrees with Avaya that the privilege issues are outside the scope of Sprint's pending motion to compel.

Avaya has filed a Motion to Strike Sprint's Reply. It asserts that Sprint's reply should be stricken because it contains legal and factual arguments that it failed to raise in its Motion to Compel and raised for the first time in its reply. Although the Court agrees that Sprint did not make any argument attacking Avaya's assertion of privilege in its motion, the Court finds no basis for striking Sprint's reply in its entirety. It was entitled to file it under D. Kan. Rule 7.1(c). In addition, at the time Sprint filed its Motion to Compel, Avaya had not produced any privilege logs for the documents it intended to withhold. Avaya is correct that this Court has stricken exhibits and arguments from a reply brief when the exhibits and discussion were raised for the first time in a reply brief.[2] The Court, however, finds no need to strike Sprint's reply and exhibits here because the Court is denying without prejudice Sprint's Motion to Compel Avaya to produce responsive

---

[2]*See Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.,* Nos. 08-2027-JWL, 08-2191-JWL*,* 2010 WL 446936, at *7 n.7 (D. Kan. Feb. 5, 2010) (granting in part motion to strike new arguments from reply brief); *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.,* 500 F. Supp. 2d 1290, 1317-18 (D. Kan. 2007) (striking portion of reply brief); *Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.,* No. 02-2605-JWL-DJW, 2005 WL 327144, at *1 (D. Kan. Feb. 3, 3005) (striking exhibits and discussion of new issues raised for first time in reply brief, but not striking the entire reply brief).

documents being withheld as privileged or work product. As the Court is not addressing the privilege issue at this time, the Court finds no reason to strike Sprint's reply. Avaya's Motion to Strike Sprint's Reply is denied.

In the alternative, Avaya requests that the Court construe Sprint's reply as a separate motion to compel subpoenaed documents and set a separate briefing schedule. The Court grants this alternative request in part. Rather than construing Sprint's reply as a separate motion to compel, the Court will allow Sprint to file a separate motion to compel that attacks Avaya's assertion of privilege or work product as a basis for withholding documents responsive to Sprint's April 13, 2010 subpoena. Any such motion shall be filed no later than **March 1, 2011**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Subpoenaed Documents From Avaya, Inc. (ECF No. 293) is granted in part and denied without prejudice in part. **Within 30 days of the date of this Memorandum and Order**, Avaya shall produce all documents responsive to the subpoena that it has not previously produced, except for documents that are being withheld based on an assertion of attorney-client privilege, attorney work product, and/or a common interest privilege.

**IT IS FURTHER ORDERED** that Avaya Inc.'s Motion to Strike Sprint's Reply in Support of its Motion to Compel, or in the Alternative, to Request That the Court Enter a Briefing Schedule to Address the New Issues (ECF No. 442) is granted in part and denied in part. Avaya's Motion to Strike Sprint's Reply is denied, but the alternative relief requested is granted in part. No later than **March 1, 2011**, Sprint may file a motion to compel attacking Avaya's assertion of privilege as a basis for withholding documents responsive to Sprint's April 13, 2010 subpoena.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 2nd day of February, 2011.

**<u>s/David J. Waxse</u>**
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties