**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HIGH POINT SARL, ) | |
| ) | |
| Plaintiff and Counterclaim ) | |
| Defendant, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 09-2269-CM-DJW |
| ) | |
| SPRINT NEXTEL CORP., et al., ) | |
| ) | |
| Defendants and ) | |
| Counterclaimants. ) | |

**MEMORANDUM AND ORDER**

By Memorandum and Order dated July 29, 2011 (ECF No. 669), the Court granted Sprint's Motion to Compel Production of High Point's Licensing Communications. The Court overruled all High Point's confidentiality, cumulativeness, relevance, and Rule 408-based objections to disclosure of its third party licensing correspondence and ordered it to produce the correspondence. Although Sprint did not request an award of its expenses, the Court considered whether High Point should be required to pay Sprint's reasonable expenses in making the motion to compel under Fed. R. Civ. P. 37(a)(5)(A). The Court found all High Point's objections, except its confidentiality objection, to Sprint's discovery requests to be substantially justified. It ordered High Point to show cause by August 12, 2011, why the Court should not order it to pay a portion of Sprint's reasonable expenses incurred in filing the motion to compel, as a sanction pursuant to Fed. R. Civ. P. 26(g)(3) for asserting a discovery objection not warranted by existing law.[1]

---

[1] The Memorandum and Order also directed counsel for the parties to *Mancia v. Mayflower Textile Servs., Co.*, 253 F.R.D. 354 (D. Md. 2008), wherein Magistrate Judge Grimm provides an in-depth analysis of Fed. R. Civ. P. 26(g), the consequences of a violation of that rule and the
(continued...)

On August 12, 2011, High Point filed its Response to the Court's July 29, 2011 Order to Show Cause (ECF No. 671).  It argues that it did not assert a stand-alone confidentiality objection in response to Sprint's motion to compel. Rather, it objected to producing these communications based on the policy considerations underlying Fed. R. Evid. 408, and confidentiality is a necessary component of that objection.  The Court ultimately overruled the Rule 408-based objection, but specifically found that it was substantially justified.  Since confidentiality was a component of an objection that the Court found was substantially justified, High Point contends that an award of fees is not appropriate.

### I.     Expenses under Fed. R. Civ. P. 37(a)(5)

Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, then the court after providing an opportunity to be heard, must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. But the court must not order this payment if the opposing party's response or objection was "substantially justified[,] or other circumstances make an award of expenses unjust."[2]  Courts have generally held that a party's position with respect to a motion, request, response, or objection is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that could satisfy a reasonable person"[3] or if "reasonable people could differ as to the appropriateness" of the

---

[1](...continued)
Court's obligation to sanction violations of the rule.

[2] Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

[3] *Anderson v. United Parcel Serv., Inc.*, Civ. A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at *12 (D. Kan. Nov. 22, 2010) (citing *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir.  2005); *Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Auth.,* 295 F.3d 108, 116 (1st Cir. 2002); *Cardenas v. Dorel Juvenile Grp., Inc.,* No. 04-2478-KHV-DJW, 2005 WL 3503625, at
(continued...)

objection or response.[4] In the context of construing the government's obligations under Equal Access to Justice Act, the Supreme Court has held that "substantially justified" does not mean "justified to a high degree," but only "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[5] The court must consider on a case-by-case basis whether the moving and responding parties' positions were substantially justified and whether certain circumstances may make the imposition of sanctions inappropriate.[6]

At issue here is whether High Point's assertion of confidential objections in response to Sprint's document requests, interrogatories, and Rule 30(b)(6) deposition topics seeking third-party licensing correspondence was substantially justified under Rule 37(a)(5)(A)(ii). The Court finds that High Point's assertion of a confidentiality objection as a basis to withhold production of its third-party licensing correspondence, when a protective order was already entered in the case, was not substantially justified. It is well settled that confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery.[7] "A concern for protecting

---

[3](...continued)
*2 (D. Kan. Dec. 22, 2005)).

[4] *Id.* (citing *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2008 WL 833509, at *1 (D. Kan. Mar. 27, 2008); *Cardenas,* 2005 WL 3503625, at *2).

[5] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[6] *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (citing *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).

[7] *See Sonnino v. Univ. of Kan. Hosp. Auth.,* 220 F.R.D. 633, 642 (D. Kan. 2004) ("It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that the they are confidential."); *General Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 643 (D. Kan. 2003) ("confidentiality does not equate to privilege."); *Stewart v. Mitchell Transp.*, 2002 WL 1558210, at *5 (D. Kan. July
(continued...)

confidentiality does not equate to privilege."[8] While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether.[9] In *Sonnino v. University of Kansas Hospital Authority*,[10] this Court specifically addressed an objection to producing confidential information on the grounds the producing party was contractually barred from disclosing the information. The Court held that in the context of settlement agreements the mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery.[11] "Although a settlement agreement contains a confidentiality provision, litigants cannot shield otherwise discoverable information from disclosure to others by agreeing to maintain its confidentiality, and cannot modify the Federal Rules of Civil Procedure by agreement."[12]

High Point attempts to justify its confidentiality objection, used as a basis to withhold discovery, by arguing that it was not a stand-alone objection but merely a component of its Fed. R. Evid. 408-based objection — an objection that the Court found to be substantially justified. The

---

[7](...continued)
8, 2002) (a party may not rely on the confidential nature of documents as a basis for refusing to produce them).

[8] *Sonnino,* 220 F.R.D. at 642. *See also Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) ("As with most evidentiary and discovery privileges recognized by law, 'there is no absolute privilege for trade secrets and similar confidential information.'").

[9] *See also Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996) ("Confidentiality may occasion a protective order . . . . Confidentiality, however, does not necessarily bar discovery.").

[10] No. Civ. A. 02-2576-KHV, 2004 WL 769325, at *3 (D. Kan. Apr. 8, 2004).

[11] *Id.*

[12] *Id.*

Court is not persuaded by High Point's argument. A review of High Point's objections in its responses to interrogatories, document requests, and deposition topics shows that it asserted separate confidentiality and Rule 408-based objections. For example, High Point asserted a specific confidentiality objection to Document Request No. 9, objecting to the request "to the extent it seeks production of third-party confidential documents or documents that High Point is under an obligation not to disclose pursuant to a non-disclosure agreement, protective order, or other legal restriction."[13] It also objected on the grounds the information would be inadmissible under Fed. R. Evid. 408. In Document Request No. 74, however, which also sought third-party licensing documents, High Point only objected on the grounds the information would be inadmissible under Fed. R. Evid. 408 and did not assert a confidentiality objection. This contradicts High Point's claim that its confidentiality objection is merely a component of its Fed. R. Evid. 408-based objection and not a stand-alone objection.

In this case, the Court finds that High Point's purpose in asserting its confidentiality objection, after a protective order limiting the use and disclosure of confidential information had already been entered in the case, was merely to maximize the number of objections to the requested discovery. The caselaw in this District is well settled that confidentiality does not act as a bar to

---

[13] High Point's Responses to Sprint's First Set of Requests for Production (ECF No. 544-4) at 9. High Point also asserted a confidentiality objection in its general objections to both Sprint's First Set of Interrogatories and Sprint's First Set of Requests for Production. In each set of general objections, High Point objected to the interrogatories and document requests "to the extent they seek information or disclosure of documents that High Point is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties." High Point also asserted similar a general objection based on confidentiality in response to Sprint's Notice of Deposition of High Point Pursuant to Rule 30(b)(6).

discovery and is not grounds to withhold documents or information from discovery.[14] The Court is not aware of any case sustaining a confidentiality objection as a basis for withholding discovery. Generally, the entry of a protective order limiting the disclosure of confidential information is sufficient to address a party's confidentiality concerns. At the time High Point asserted its objection, a protective order was already in place.[15] The Court therefore finds that High Point's confidentiality objection to producing its third-party correspondence was not substantially justified under Rule 37(a)(5)(A).

Although the Court finds that High Point's confidentiality objection was not substantially justified under Rule 37(a)(5)(A), the Court declines to order High Point to pay a portion of Sprint's reasonable expenses incurred in filing the motion to compel. High Point asserted other objections that the Court found to be substantially justified, including an objection based upon Fed. R. Evid. 408 for confidential settlement offers and negotiations. In its Memorandum and Order granting Sprint's motion to compel, the Court found most of High Point's objections to Sprint's discovery requests were substantially justified. In these circumstances, where only one objection was not found substantially justified, the Court will not order High Point to pay a portion of Sprint's expenses under Rule 37(a)(5)(A).

## II. Sanctions under Fed. R. Civ. P. 26(g)(3)

Fed. R. Civ. P. 26(g) also provides for sanctions in connection with discovery. Rule 26(g) requires that every discovery request, response, or objection be signed by at least one attorney of

---

[14] *See Sonnino,* 220 F.R.D. at 642.

[15] *See* July 23, 2009 Protective Order (ECF No. 169).

6

record or by the pro se party.[16] By signing, the attorney or party "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry,"[17] the discovery request, response or objection is "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law."[18] The signature also certifies that the request, response, or objection is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[19] Finally, the signature certifies that the request, response, or objection is neither unreasonable nor unduly burdensome, considering the amount in controversy and the significance of the issues at stake in the case.[20] If the certification violates Rule 26(g) "without substantial justification," then "the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[21]

While High Point should have been aware that confidentiality does not equate to privilege and is not grounds for withholding discovery, the Court is not aware of any case in which a party has been specifically sanctioned under Rule 26(g)(3) for asserting a confidentiality objection.[22] The

---

[16] Fed. R. Civ. P. 26(g)(1).

[17] *Id.*

[18] Fed. R. Civ. P. 26(g)(1)(B)(i).

[19] Fed. R. Civ. P. 26(g)(1)(B)(ii).

[20] Fed. R. Civ. P. 26(g)(1)(B)(iii).

[21] Fed. R. Civ. P. 26(g)(3) (emphasis added).

[22] *But see George v. Bd. of Cnty. Comm'rs of Franklin Cnty*, Civ. A. No. 05-2515-CM-DJW, (continued...)

7

Court also recognizes that confidentiality objections are frequently asserted in federal discovery litigation practice. In addition, courts, while typically overruling the objections, have historically been tolerant of the assertion of these objections. However, the Court finds that this practice must cease. Fed. R. Civ. P. 1 requires that the Court administer the Rules in a manner to secure the "just, speedy and inexpensive" determination of the action. Allowing parties to continue practices that add time and cost to litigation is not consistent with Rule 1.

Thus, to the extent that High Point violated Rule 26(g) by asserting a confidentiality objection that was not warranted by the Federal Rules of Civil Procedure or existing law, the violation must result in a sanction. The Court therefore will impose a sanction of $1,000 upon High Point[23] based upon its assertion of confidentiality objections in response to Sprint's document requests, interrogatories, and Rule 30(b)(6) deposition topics seeking third-party licensing correspondence. Because no previous decisions of this Court have reached this conclusion, High Point's obligation to pay this sanction is stayed pending the completion of this case. If there are no further violations of Rule 26(g) by High Point during this litigation, this sanction order will be vacated.

**IT IS THEREFORE ORDERED** that High Point is not required to pay a portion of Sprint's reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) based upon the Court's finding that the

---

[22](...continued)
2007 WL 1217731, at *1 (D. Kan. Apr. 24, 2007) (finding that confidentiality objections and "unknown" responses were not "substantially justified" within the meaning of Fed. R. Civ. P. 37(a)(4), and sanctioning defense counsel $1,250).

[23] Fed. R. Civ. P. 26(g)(3) provides that the sanction be imposed "on the signer, the party on whose behalf the signer was acting, or both." Here, in order to deter future violations in this case, the Court finds that the sanction should be imposed on the party and not the specific attorneys who signed the discovery responses containing the confidentiality objections.

majority of High Point's discovery objections were substantially justified. High Point, however, is sanctioned $1,000 pursuant to Fed. R. Civ. P. 26(g)(3) based upon its assertion of confidentiality objections in response to Sprint's document requests, interrogatories, and Rule 30(b)(6) deposition topics seeking third-party licensing correspondence, when a protective order was already entered in the case. Payment of this sanction is stayed, however, pending completion of this case and further order of the Court.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of September, 2011.

<u>**s/David J. Waxse**</u>
David J. Waxse
U. S. Magistrate Judge

cc:   All counsel and *pro se* parties