IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HIGH POINT SARL, ) | |
| ) | |
| Plaintiff and Counterclaim ) | CIVIL ACTION |
| Defendant, ) | |
| ) | Case No. 09-2269-CM-DJW |
| v. ) | |
| ) | |
| SPRINT NEXTEL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants and ) | |
| Counterclaimants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: Avaya Inc.'s Motion for Reconsideration of the Court's January 25, 2012 Order (ECF No. 736), High Point's Motion for Partial Reconsideration of January 25, 2012 Order (ECF No. 734), and Sprint's[1] Motion for Leave to File Surreply (ECF No. 764). Third party Avaya Inc. ("Avaya") and plaintiff High Point SARL ("High Point") seek reconsideration of a limited portion of the Court's January 25, 2012 Memorandum and Order that ordered Avaya to produce a certain document identified on its supplement privilege logs. Specifically, they request that the Court reconsider its order to the extent it requires Avaya to produce the document identified as privilege log entry 475, and instead allow Avaya to submit the document for an *in camera* review by the special master. As explained below, the motions for reconsideration are granted and Avaya may submit its document identified as privilege log entry 475 to the special master for an *in camera* review rather than producing it.

---

[1] Sprint Nextel Corporation; Sprint Spectrum L.P.; SprintCom, Inc.; Sprint Communications Company L.P.; Sprint Solutions, Inc.; APC PCS, LLC; APC Realty and Equipment Company, LLC; and STC Two LLC are collectively referred to as "Sprint."

Sprint's motion for leave to file a surreply is denied.

## I. Motions for Reconsideration

### A. Standard for Ruling on a Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[2] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), that allows a party to file a motion asking a judge or magistrate judge to reconsider an order or decision. Under D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[3]

A motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[4] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[5] Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[6] Reconsideration

---

[2] *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995) ("The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'").

[3] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Steinert v. Winn Grp., Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[6] *Resolution Trust Corp. v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[7]

### B. The Court's January 25, 2012 Memorandum and Order

The Court's January 25, 2012 Memorandum and Order ordered Avaya to produce certain documents identified on its privilege logs, and to submit numerous other documents Avaya claimed were protected by the attorney-client privilege to the special master for an *in camera* review. As part of its ruling, the Court ordered Avaya to produce the document identified as entry 475 on its supplemental privilege log for its July 2, 2010 document production. Avaya's privilege log entry 475 indicated that the documents was authored by a non-attorney, Ian Bashaw, patent licensing directory of Avaya's IP Law Group, and had been sent to "File." The log also stated that the document was attorney-client privileged because it was a "[c]onfidential draft referring to information gathered at the request of counsel for the purpose of providing legal advice regarding potential patent assignment."

Based upon the information provided in Avaya's supplemental privilege log, along with Avaya's representations in its briefing to Sprint's motion to compel, the Court found that Avaya failed to establish that the document identified by entry 475 constituted a communication protected under the attorney-client privilege, and Avaya would have to produce the document.

### C. Grounds Asserted in Support of Reconsideration

Avaya and High Point ask the Court to reconsider its order compelling Avaya to produce the document identified as privilege log entry 475. They argue that reconsideration is appropriate based on the availability of new evidence and the need to prevent manifest injustice.

---

[7]*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

### 1. Availability of New Evidence

Avaya and High Point first argue that reconsideration is warranted due to newly discovered evidence. While complying with the Court's order, Avaya's counsel learned for the first time from High Point's counsel that the document identified as privilege log entry 475 contained confidential common interest communications that counsel for High Point's parent Inpro disclosed to Avaya's counsel during the negotiations between these companies. Upon learning this new information from High Point's counsel, Avaya investigated and discovered that rather than a memorandum to "File," as denoted on the privilege log, entry 475 was in actuality a draft of a privileged attorney-client email from Ian Bashaw, the licensing director of the Avaya IP Law Group, to Christopher Ricci, one of Avaya's in-house attorneys. According to Avaya, the email communicates privileged information Inpro (High Point's parent company) provided to Mr. Bashaw for communication to Avaya's in-house counsel. Privilege log entry 475 is described by Avaya as the near final draft of an email that Mr. Bashaw sent to Avaya's in-house counsel the following day. That email is logged as privilege log entry 476 and was not ordered produced. Given the erroneous information contained in Avaya's privilege log, and the Court's reliance on that information, Avaya and High Point request that the Court reconsider its ruling and allow Avaya to submit privilege entry 475 to the special master for *in camera* inspection instead of outright production.

Sprint argues that neither High Point nor Avaya present the Court with any compelling basis for reconsideration of the order requiring production of entry 475 on Avaya's supplemental privilege log. They have failed to present proper, sufficient evidence in support of their motions, let alone any evidence that could truly be considered "new." Sprint asserts that the motions for reconsideration are yet another improper attempt to relitigate issues repeatedly briefed and already

decided by the Court.

The Court does not find that Avaya's later discovering that its privilege log contained errors – after being ordered by the Court to produce documents identified on its logs – falls within the realm of "new evidence," as contemplated by D. Kan. Rule 7.3(b). Avaya obviously had access to the document, which contained all the pertinent information needed for asserting any privilege, at the time it prepared the original privilege log and supplemental privilege log. Avaya also had access to the document at the time it made further extensive representations to the Court in its response to Sprint's motion to compel production of privilege log entry 475. Avaya's realization of its mistake on its supplemental privilege log does not constitute newly discovered evidence to be used as a basis for reconsideration of a non-dispositive discovery order. Avaya and High Point fail to convince the Court that reconsideration is justified based upon the availability of new evidence.

### 2. Prevent Manifest Injustice

Avaya and High Point also invoke the third grounds for reconsideration of a non-dispositive order under D. Kan. R. 7.3(b), i.e., the need to correct clear error or prevent manifest injustice. They argue that it would be manifestly unjust for the Court not to permit Avaya to make privilege entry 475 available to the special master for an *in camera* inspection. This outcome is particularly appropriate under these circumstances where Avaya is not a party to this action and it has expended a significant amount of resources trying to comply with Sprint's subpoena, while properly detailing over 1000 documents on its privilege log. Avaya's efforts in this case have demonstrated appropriate diligence.

Avaya is a subpoenaed third party to this action. After being subpoenaed by Sprint, it submitted its privilege logs identifying thousands of documents as privileged. The Court has already

ordered Avaya to produce numerous documents to the special master for the purpose of conducting an *in camera* review of those documents for attorney-client privilege. The Court notes that the special master has completed his *in camera* inspection of the other Avaya documents and recently filed his Report and Recommendation (ECF No. 786) on Avaya's privileged documents.

In light of these circumstances, Avaya and High Point have convinced the Court that it would be manifestly unjust to require Avaya to produce privilege entry 475 based upon an inadvertent error in its privilege log, especially when the Court has already ordered the special master to conduct an *in camera* review of many other Avaya documents that Avaya claims are protected by attorney-client privilege. Given the importance of the attorney-client privilege and the Court's policy of deciding issues upon the merits rather than on technicalities, the Court will grant reconsideration of its ruling as to privilege entry 475 and allow Avaya to submit the document to the special master for an *in camera* inspection rather than producing it outright. The Special Master will then determine whether the document should be produced or retained by Avaya.

Sprint also raises the issue of whether High Point has standing to file a motion to reconsider when the Court's order directed Avaya to produce documents. Sprint argues that High Point does not have standing to seek reconsideration of the January 25, 2012 Order. Here, the Court concludes that it need not decide the issue of whether High Point must have standing to file a motion to reconsider an order that only directed third party Avaya to produce documents, because the Court is granting Avaya's motion for reconsideration, which is essentially requesting the same relief as High Point's motion. In any event, even if the Court were to require High Point to show standing to file a motion to reconsider the January 25, 2012 Order, High Point has shown that it has an interest in the document at issue by arguing that it contains a common interest privileged

communication with its parent company regarding the patents-in-suit.

Accordingly, Avaya and High Point's motions for reconsideration are granted, and Avaya may submit its document identified as privilege log entry 475 to Special Master Karl Bayer for an *in camera* review rather than producing it.

## II.     Sprint's Motion for Leave to File Surreply to Motions for Reconsideration

After the motions to reconsider were fully briefed, Sprint filed a motion for leave to file a surreply. Sprint asserts that it should be permitted to file a surreply to rebut High Point and Avaya's assertions that Avaya's privilege log entry 475 was the inadvertent mislogging of a single document. Sprint claims that it has now reviewed documents that Avaya produced from its log, and a review of the documents produced shows that there are repeated and prevalent flaws with the logs to show that the mislogging of entry 475 was not an isolated event.

High Point and Avaya oppose Sprint's motion to file a surreply. They argue that Sprint has not demonstrated good cause to justify filing a surreply. Sprint improperly characterizes its surreply as a response to a purportedly "new" argument in High Point and Avaya's reply briefs, but in reality, the surreply challenges the propriety of entries on Avaya's privilege log entirely unrelated to the document at issue, relies entirely on information that was available to Sprint before it responded to High Point and Avaya's motions, rehashes arguments that Sprint has repeatedly made to this Court about the adequacy of Avaya's privilege logging, and is nothing more than a transparent attempt to have the last word. Avaya further argues that Sprint's assertion that Avaya introduced a new argument in its reply is misleading and completely unfounded.

District of Kansas Local Rule 7.1(c) only mentions the filing of a response or reply to a motion; it does not mention a surreply. In general, a surreply is not customary and normally is not

7

allowed.[8]  Instead, an opposed surreply is allowed only with permission of the court under rare circumstances.[9]  One such circumstance is when new arguments or materials are raised for the first time in a reply brief.[10]  If such new argument or information is included, it is proper for the court to give the nonmoving party an opportunity to respond by allowing the party to file a surreply.[11]

The Court finds that a surreply to the motions to reconsider is not warranted here.  Although Avaya and High Point did not expressly assert that the alleged incorrect logging of privilege log entry 475 was an single, isolated event until they filed their reply briefs, it was clear from their motions for reconsideration that Avaya was claiming the inadvertently mislogging of entry 475 as a reason for the Court to reconsider its ruling.  Sprint had an opportunity to file a response, which it did, rebutting Avaya and High Point's assertions relating to the logging of entry 475, the only entry at issue in the motions to reconsider.  Further, a review of Sprint's proposed surreply shows that it challenges the propriety of several other entries on Avaya's privilege log unrelated to entry 475, and rehashes arguments that Sprint already made in its response with regard to the adequacy of Avaya's privilege log.  Other than asserting that the mislogging of entry 475 was an isolated event, Avaya and High Point did not raise any other new arguments or point to any new evidence for the first time in their reply briefs that would otherwise justify Sprint filing a surreply.  Sprint's motion for leave to file a surreply to the motions for reconsideration is therefore denied.

---

[8]*Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004); *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001).

[9]*See Humphries v. Williams Natural Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998).  This is especially true when the request for surreply is opposed.

[10]*Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

[11]*Id.*

**IT IS THEREFORE ORDERED** that Avaya Inc.'s Motion for Reconsideration of the Court's January 25, 2012 Order (ECF No. 736) and High Point's Motion for Partial Reconsideration of January 25, 2012 Order (ECF No. 734) are granted. **With 20 days of the date of this Memorandum and Order**, Avaya may submit its document identified as privilege log entry 475 to the Special Master for an *in camera* review rather than producing it Sprint forthwith.

**IT IS FURTHER ORDERED** that Sprint's Motion for Leave to File Surreply (ECF No. 764) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 4th day of May, 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
