**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **HIGH POINT SARL,** ) | |
| ) | |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Case No. 09-02269-CM |
| ) | |
| **SPRINT NEXTEL CORPORATION,** *et al.*, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On August 3, 2012, the court issued a memorandum and order resolving each party's objections to the Special Master's report and recommendation on claim construction (Doc. 843). High Point seeks reconsideration of several portions of that order (Doc. 851). A motion for reconsideration is appropriate when there is an intervening change in law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because none of these circumstances exist in this case, the court denies High Point's motion.

### I.  First Means

High Point first seeks reconsideration of the court's construction for "first means" in claim 10 of the U.S. Patent No. 5,195,090 ("the '090 Patent"). As explained in its August 3, 2012 order, this term is a means-plus-function ("MPF") term. Construction of a MPF term involves two steps, and these steps must occur in a particular order. *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1332 (Fed. Cir. 2006). First, the function must be identified. *Id.* Second, the structure in the specification that accomplishes the claimed function must be identified. *Id.*

Throughout the claim construction process—which has spanned two years, hundreds of pages of briefing, a technology tutorial, and two days of argument—High Point urged the court to adopt the following function:

> Transmitting packets carrying the incoming traffic of individual calls on the connected at least one link in statistically-multiplexed form, and receiving packets carrying outgoing voice call traffic of the individual calls on the connected at least one link in statistically-multiplexed form for radio transmission of the outgoing traffic to the radio telephones.

(*See, e.g.*, Doc. 685 at 51; *see also* 361-1 at 8.)  The court did.

Given this claimed function, High Point argued that DS1 interface 242, channel elements 245, and cluster controller 244, including controller 393, was the corresponding structure.  The court disagreed because High Point conceded that the channel elements and the cluster controller did not perform the claimed function.  Therefore, the court limited the corresponding structure to DS1 interface 242.

High Point seeks reconsideration of this construction.  Specifically, High Point argues that reconsideration is warranted because the court adopted the wrong function and, based on this wrong function, identified the wrong corresponding structure.  To correct this error, High Point offers—for the first time—the following construction:

**Function:**  (1) transmitting packets carrying the incoming traffic of individual calls on the connected at least one link in statistically-multiplexed form; (2) receiving packets carrying the outgoing voice call traffic of the individual calls on the connected at least one link in statistically-multiplexed form for radio transmission of the outgoing traffic to the radio telephones; (3) conveying the outgoing and the incoming call traffic of individual calls to and from at least one radio; (4) separately packetizing the incoming call traffic of the individual calls received from the channel elements; and (5) depacketizing and distributing the outgoing call traffic of the individual calls to destination channel elements

**Structure:**  DS1 interface 242, channel elements, and cluster controller 244, including controller 393, programmed to wrap incoming call traffic

> within a designated format and to deformat the outgoing packets and
> distribute the contents to the channel elements

Based on High Point's argument, the court declines to reconsider the construction for "first means" for several reasons. First, this argument does not fit into the categories that warrant reconsideration. It is not based on evidence previously unavailable or intervening law. Indeed, the most recent principal case relied on by High Point is from 2007. This argument also does not suggest clear error or manifest injustice. Specifically, High Point successfully persuaded this court to adopt its proposed function. High Point might not like the corresponding structure for this function (although High Point concedes the court correctly identified the structure that performs this function).[1] But High Point cannot request relief from a function it repeatedly urged this court to adopt and the structure that performs that function.

Second, this argument does not address the concerns outlined in the court's August 3, 2012 order. In construing this term, the court was concerned that both parties were urging the court to identify structure that both parties conceded did not perform the claimed function. So the court indicated that it may reconsider its construction if either party could address this issue. In other words, the court was suggesting it may reconsider its construction if either party provided case law or analysis indicating that the party's original construction was correct. It was not inviting the parties to submit an entirely new construction and restart a claim construction process that has spanned nearly two years.

Third, a motion for reconsideration is not an opportunity to present new arguments, which is precisely what High Point is attempting to do. High Point argues—among other things—that its current construction is the logical extension of its original construction because its current

---

[1] In its brief, High Point suggests the court was concerned about adopting a construction of "first means" for claim 10 that is different from the construction for "first means" in claims 8, 15, and 22. The court did not have that precise concern. Instead, the court commented in its original order that it "is unaware of case law that adopts different corresponding structure for identical functions in the same patent." (Doc. 843 at 20.)

construction includes High Point's original corresponding structure. But this approach ignores that construction of MPF terms "must occur in a particular order." *JVW Enters. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1330 (Fed. Cir. 2005). Therefore, by offering a new function, the court must entirely restart the claim construction process for this term.[2] Not only would High Point gain an unfair advantage if the court granted reconsideration based on this approach, but this result would also impose an unfair detriment on Sprint. For all of these reasons, the court will not reconsider its construction of this term.

## II. Second Means

High Point's arguments for reconsideration of "second means" in claims 8, 15, and 22 of the '090 Patent are nearly identical to the arguments discussed and rejected above. Accordingly, for substantially the same reasons, the court will not reconsider its constructions of these terms.

## III. Means for Controlling [Incoming]

High Point also seeks reconsideration of the court's construction of "means for controlling [incoming]." This MPF term appears in claim 8 of the '090 Patent. High Point argues that reconsideration is warranted because the court wrongly concluded that there was no corresponding structure for the claimed function.

A primary dispute in determining the claimed function was the meaning of "their." Sprint argued that "their" referred to "packets." High Point argued that "their" referred to "call traffic segments" and consistently attacked Sprint's construction as excluding from the scope of the claim all disclosed embodiments:

> ➢ High Point explaining that Sprint's construction "would exclude all disclosed embodiments . . . ." (Doc. 646 at 16.)

---

[2] The court cannot start with corresponding structure and work backwards to identify the claimed function.

-4-

- High Point's expert testifying that if "their" is construed as referring to packets, then the claim would not cover any embodiment disclosed in the patent. (8/18/2011 Hearing Tr. at 888.)

- High Point arguing that Sprint's construction of "their" should be rejected because it "would not read on any disclosed embodiments." (Doc. 685 at 61–62.)

- High Point asserting that Sprint was "deliberately misconstru[ing] the word 'their' in a manner that is inconsistent with the teachings of the specification, in a transparent attempt to invalid[ate] this claim." (Doc. 694 at 29.)

- High Point arguing that "adopting [Sprint's] construction would exclude from the scope of the claim all embodiments taught in the patents." (Doc. 755 at 13.)

Based on this argument, the court carefully examined the case law explaining that a construction that excludes the disclosed embodiments is rarely correct. (Doc. 843 at 22–23.) Despite this cautionary language, the court agreed with Sprint and concluded that "their" was referring to "packets" because "the only plural noun (or antecedent) in the claim that 'their' could be referring to is 'packets carrying the incoming traffic.'" (*Id.* at 22.)[3] The court noted that "[i]t is undisputed that this result excludes all disclosed embodiments," so the court's construction indicated that there was no corresponding structure. (*Id.* at 23.)

High Point argues that the court erred when it concluded that the parties did not dispute that there was no corresponding structure when "their" was construed as "packets" because Sprint had, in fact, identified structure. High Point is correct that—in the court's original order—a more precise statement would have been that High Point does not dispute that this claimed function excludes all disclosed embodiments. Or the court could have stated that both parties presented evidence that construing "their" to refer to "packets" would exclude all disclosed embodiments. (*See* 8/18/2011 Hearing Tr. at 888 (High Point's expert explaining that this claimed function would exclude all

---

[3] Although High Point does not specifically seek reconsideration of the claimed function or the meaning given to "their," High Point notes that "'traffic' is a noun, like 'sheep,' that denotes both the singular and plural form of the word." (Doc. 852 at 22.) High Point never argued to this court that "their" was referring to "traffic." Instead, High Point argued that "their" referred to "call traffic segments," which is a term that does not appear in the claim. (*See* Doc. 755 at 11–12 (arguing that "the word 'their' clearly refers to the call traffic segments being transmitted"). Regardless, "traffic" is a noncount noun. As such, it is generally treated as a singular noun and used with singular pronouns.

-5-

disclosed embodiments); *id.* at 906–07 (Sprint's expert explaining that this claimed function would exclude all disclosed embodiments).)  To the extent the court's original order is imprecise, the court makes these corrections.

Nonetheless, High Point is currently arguing against a position it advanced during original briefing.  High Point repeatedly argued that accepting Sprint's construction of "their" excluded all disclosed embodiments.  The court agreed.  Now, High Point is advancing a clearly inconsistent position—namely, adopting Sprint's construction of "their" **does not** exclude all disclosed embodiments.  Granting reconsideration given this history would allow High Point to successfully assert an inconsistent position and create the perception—if not the reality—that High Point originally misled the court.

High Point additionally argues that "packets" and "traffic segments" are interchangeable terms because "packets" and "frames" are interchangeable, "frames" and "traffic frames" are interchangeable, and "traffic frames" and "traffic segments" are interchangeable.  This argument suggests that the parties and the court spent significant time resolving a dispute over the meaning of "their" that did not matter.   Not only does this result seem unlikely, but it is also based on an argument that High Point did not specifically present during original briefing.

High Point's final argument is that the court should reconsider this construction because "their" was a drafting mistake.  This argument was never made in the original briefing, and the court noted as much in its August 3, 2012 order.  (*See* Doc. 843 at 23 ("High Point does not argue that 'their' was a drafting mistake . . . .").)  A motion for reconsideration is not a vehicle to present a new argument.  *Matosantos Commer. Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).  Indeed, if both parties were allowed to present new arguments in a motion for reconsideration,

this case would quickly become unwieldy and, potentially, interminable.  For all of these reasons, the court denies reconsideration of the construction for this claim term.

**IT IS THEREFORE ORDERED** that High Point's Motion for Reconsideration of Memorandum and Order Regarding Claim Construction (Doc. 851) is denied.

Dated this 16th day of November, 2012, at Kansas City, Kansas.

\_\_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge