IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HIGH POINT SARL,**

    **Plaintiff and**
    **Counterclaim Defendant,**

v.

**SPRINT NEXTEL**
**CORPORATION, et al.,**

    **Defendants and**
    **Counterclaimants.**

**CIVIL ACTION**

**Case No. 09-2269-CM-DJW**

## MEMORANDUM AND ORDER

This matter is before the Court on Sprint's Motion to Compel Avaya, Inc. to Produce Withheld Documents No Longer in Dispute and For Special Master Review of Certain Privilege Log Entries (ECF No. 836). Since the motion was filed, Sprint[1] and interested party Avaya Inc. ("Avaya") resolved two of the three disputes at issue in Sprint's motion. The only remaining issue before the Court is Sprint's request for an order compelling Avaya to submit all documents from its privilege logs, other than foreign patent prosecution documents, that have not already been provided to the Special Master for an *in camera* review. As explained below, Sprint's request is denied.

The facts leading up the present dispute have been set forth in at least two prior opinions.[2]

---

[1] Defendants Sprint Nextel Corporation, Sprint Spectrum L.P., SprintCom, Inc., Sprint Communications Company L.P., Sprint Solutions, Inc., APC PCS, LLC, APC Realty and Equipment Company, LLC, and STC Two LLC are collectively referred to as "Sprint."

[2] *See High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2012 WL 234024, at *1-2 (D. Kan. Jan. 25, 2012) on reconsideration in part, 2012 WL 1580634 (D. Kan. May 4, 2012); *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2012 WL 5306268, at *1-2 (D. Kan. Oct. 29, 2012).

Highly summarized, the Court referred to the Special Master the task of conducting an *in camera* review of two categories of Avaya's documents identified on its privilege logs. During the Special Master's review, he noted many inaccuracies on Avaya's privilege logs. Sprint now seeks an order for the Special Master to review *in camera*—at Avaya's cost—all the remaining documents Avaya is withholding on the basis of privilege except for those solely regarding foreign patent prosecutions.

The Court denies Sprint's request. Since Sprint filed its motion raising the issue, Avaya has made several efforts to address Sprint's concerns with regard to the accuracy of Avaya's privilege logs. Avaya states in its response (ECF No. 870) that it has undertook an extensive and expensive review of the remaining entries of the privilege logs to effectuate the principles elaborated by this Court and applied by Special Master Bayer to confirm the validity of its remaining assertions of privilege. By its count, it has re-reviewed 1,326 privilege log entries, produced 262 privilege log entries in full, and made a partial production of other documents within 140 other privilege log entry families. Based upon these representations, the Court finds that Avaya has made sufficient additional efforts to address Sprint's concerns with the accuracy of its privilege logs. At this point, the Court sees no need to incur the significant additional costs for the Special Master to conduct an *in camera* review of Avaya's remaining documents that are being withheld as privileged.

**IT IS THEREFORE ORDERED THAT** Sprint's Motion to Compel Avaya, Inc. to Produce Withheld Documents No Longer in Dispute and For Special Master Review of Certain Privilege Log Entries (ECF No. 836) is denied.

**IT IS FURTHER ORDERED THAT** Sprint and Avaya shall bear their own costs related to this motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 4th day of December 2012.

                                                      s/ David J. Waxse
                                                      David J. Waxse
                                                      U.S. Magistrate Judge